MARK A. GOLDSTEIN (BAR NO. 179384)
mgoldstein@socalip.com
SOCAL IP LAW GROUP LLP
310 North Westlake Boulevard, Suite 120
Westlake Village, CA 91362
Telephone:  (805) 230-1350 ext. 240
Facsimile:  (805) 230-1355

TAYLOR M. NORTON
THOMAS E. LEMLER
NORTON IP LAW FIRM LLC
345 Metairie Road
Metairie, LA 70005
Telephone:  (504) 291-2111
Facsimile:  (504) 533-0093

Attorney for Defendant
MATHEWS OUTDOOR PRODUCTS LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

YSN IMPORTS, INC., a Nevada corporation dba Flame King,

Plaintiff,

v.

MATHEWS OUTDOOR PROD-UCTS, LLC, a Louisiana limited liability company,

Defendant.

**CASE NO.:  2:19-cv-08073-PSG-KS**

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(2) OR, ALTERNATIVELY, MOTION TO TRANSFER**

**Corrected** Date: February 3, 2020

Time: 1:30 p.m.

Judge Gutierrez

**Complaint Served: 9/25/2019**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................1

APPLICABLE LEGAL STANDARDS .............................................................1

ARGUMENT ...........................................................................................3

   I. The Court Should Dismiss the Complaint For Lack of Personal

      Jurisdiction. ...............................................................................3

      A. Specific Jurisdiction is lacking because Mathews Outdoor Products has

         Insufficient Minimum Contacts with California Under Controlling

         Federal Circuit Law. .............................................................4

      B. General Jurisdiction is lacking because Mathews Outdoor Products has No

         Continuous and Systematic Contacts with California. ..........................12

   II. Alternatively, the Court Should Transfer Venue to the Eastern

      District of Louisiana. ...................................................................14

      *1. The present action could have been brought in the Eastern District of*

         *Louisiana.*.............................................................................15

      *2. The interests of justice and convenience of the parties and witnesses weigh*

         *in favor of a transfer of venue.*......................................................16

CONCLUSION.........................................................**Error! Bookmark not defined.**

## TABLE OF AUTHORITIES

**Cases**

*Autogenomics, Inc. v. Oxford Gene Technology Ltd.* 566 F.3d

   1012, 1119-20 (2009)..........................................................7, 8, 9

*Avocent Huntsville Corp. v. Aten Int'l Co.* 552 F.3d 1324, 1335-36

   (Fed. Cir. 2008) ........................................................................passim

*B.E. Tech., LLC v. Groupon, Inc.*, 957 F. Supp. 2d 939, 942 (W.D.

   Tenn. 2013) ...............................................................................17

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082,

   1086 (9th Cir. 2000) ...................................................................13

*Bike Builders Bible, Inc. v. Lee*, 2018 WL 3410003, (C.D. Cal. May 8, 2018) ............................................................... 11

*Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1362 (Fed. Cir. 2006) .............................................5, 10, 12, 15

*Campbell Pet Co. v. Miale*, 542 F.3d 879, 886 (Fed. Cir. 2008) ............................. 12

*Charles v. Rice*, 28 F.3d 1312, 1323 (1st Cir. 1994) .................................................. 6

*Christianson v. Colt Indus.s Operating Corp.*, 108 S.Ct. 2166, 2179 (1988) ............................................................. 6

*Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986) ......................... 17

*Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014) ................................5, 13, 14, 15

*Elecs. for Imaging v. Coyle*, 340 F.3d 1344, 1351 (Fed. Cir. 2003) ......................... 10

*Foundations Worldwide, Inc. v. Oliver & Tate Enters., Inc.*, No. 1:13cv506, 2013 WL 4054636, at *3 (N.D. Ohio Aug. 12, 2013) ............................................................. 17

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) ............................................................. 5

*Harrell v. Kepreos*, 175 F. App'x 793, 794 (9th Cir. 2006) .................................6, 16

*Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984) ............................................................. 4, 14

*HID Glob. Corp. v. Isonas, Inc.*, 2014 WL 10988340, at *3 (C.D. Cal. Apr. 21, 2014) ............................................................. 15

*Hooker v. Burson*, 960 F.Supp. 1283, 1291 (M.D. Tenn. 1996) .............................. 17

*Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 712 (7th Cir. 2002) .................................. 17

*Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) ........................................... 4

*Kier Bros. Investments Inc. v. White*, 943 F. Supp. 1, 4 (D.D.C. 1996) ............................................................. 6

*Maxchief Investments Limited v. Wok & Pan, Ind., Inc.*, 2017 WL

    6601921 (E.D. Tenn. Sept. 29, 2017) aff'd 909 F.3d 1134,

    1139 (Fed. Cir. 2018) ........................................................................10, 11, 12

*Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) ......................................6, 16

*New World Int'l, Inc. v. Ford Glob. Techs., LLC*, 2016 WL

    1069675, at *2–3 (N.D. Tex. Mar. 16, 2016), aff'd, 859

    F.3d 1032 (Fed. Cir. 2017) ................................................................................15

*Omnitek Eng'g Corp. v. CNG One Source, Inc.*, 2014 WL

    10475280, at *4–6 (S.D. Cal. July 8, 2014) ..................................................15

*Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) .............................................6

*Red Wing Shoe Co. Inc. v. Hockerson- Halberstadt, Inv.*, 148 F.3d

    1355, 1360-61 (Fed. Cir. 1998).......................................................9, 10, 11, 12

*Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) .....................................6

*Silent Drive, Inc. v. Strong Indus.*, 326 F.3d 1194, 1202 (Fed. Cir.

    2003)...............................................................................................7, 10, 11, 12

*VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574

    (Fed. Cir. 1990) ..............................................................................................5, 16

*www.Turnstiles.us, Inc. v. Modular Sec. Sys., Inc.*, 2016 WL

    9735764, at *4–6 (D. Colo. June 28, 2016) ..................................................15

**Statutes and Rules**

28 U.S.C. § 1631...........................................................................................5, 16

28 U.S.C. 1400(b) .....................................................................................4, 5, 16

Fed. R. Civ. P. 12(b)(2) ................................................................................4, 18

Defendant Mathews Outdoor Products, LLC ("Mathews Outdoor Products") hereby submits this brief in support of its motion to dismiss the Complaint of Plaintiff YSN Imports, Inc. ("Plaintiff" or "YSN Imports") for lack of personal jurisdiction over Mathews Outdoor Products, or in the alternative, to transfer this case pursuant to 28 U.S.C. 1400(b) to the U.S. District Court for the Eastern District of Louisiana.

## INTRODUCTION

In its Complaint, Plaintiff YSN Imports, a corporation formed under the laws of Nevada with a principal place of business at 318 N Carson Street #208, Carson City, Nevada, 89701, USA, seeks declaratory judgements that its products, which are distributed by YSN Imports throughout the country, do not infringe any claim of Mathews Outdoor Products' patent, namely U.S. Design Patent No. D851,763 S (hereinafter the "Mathews Outdoor Products patent"), and that the claim of this patent is invalid.

Plaintiff's Complaint should be dismissed for lack of personal jurisdiction over Defendant. In the alternative, this case should be transferred to the U.S. District Court for the Eastern District of Louisiana.

## APPLICABLE LEGAL STANDARDS

Dismissal under Fed. R. Civ. P. 12(b)(2) is appropriate when a defendant does not have sufficient "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).  The Supreme Court has recognized two theories for evaluating whether a defendant's contacts with the forum state give rise to personal jurisdiction: specific jurisdiction and general jurisdiction. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984).  Under the specific jurisdiction theory, jurisdiction is appropriate if the defendant has the requisite minimum contacts with the forum state and the suit arises out of those same contacts. *Id*.  The Federal Circuit has held that in a declaratory

Brief in Support of Defendant's Motion
to Dismiss or Transfer                    1                    YSN  Imports v, Mather Outdoor
2:19-cv-08073-PSG-KS

judgement patent action, a defendant patentee's own commercialization activity in the forum does not support specific personal jurisdiction. *Avocent Huntsville Corp. v. Aten Int'l Co.* 552 F.3d 1324, 1335-36 (Fed. Cir. 2008).  In particular, the Federal Circuit held that "a defendant patentee's mere acts of making, using, offering to sell, selling, or importing products – whether covered by the relevant patent(s) or not – do not, in the jurisdictional sense, relate in any material way to the patent right that is at the center of any declaratory judgment claim for non-infringement, invalidity, and/or unenforceability." *Id*. at 1336.

Under the general jurisdiction theory, a court may exercise personal jurisdiction over any and all claims against a defendant – regardless of the relationship between the defendant's contacts with the forum and the subject action.  For general jurisdiction to apply, the defendant's contacts with the forum must be so "continuous and systematic" that the defendant can effectively be considered a resident of the forum. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).  The contacts must be so "constant and pervasive" that the company is "essentially at home." *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014).  The mere sending of a notice letter to an infringing party does not constitute "purposeful availment" of the recipient's forum. *See, e.g., Avocent*, 552 F.3d at 1340 (quoting *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1362 (Fed. Cir. 2006)) ("[T]he Federal Circuit provides that a patent owner may, without more, send cease and desist letters to a suspected infringer, *or its customers*, without being subjected to personal jurisdiction in the suspected infringer's home state.") (emphasis in original).

With regard to venue, 28 U.S.C. § 1400(b), the patent venue statute, provides that "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  Furthermore, the court in *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990),

Brief in Support of Defendant's Motion
to Dismiss or Transfer                                   2                    YSN  Imports v, Mather Outdoor
2:19-cv-08073-PSG-KS

held that the patent venue statute operates independently from the general venue statute, and a domestic corporation "resides" only in its state of incorporation for purposes of the patent venue statute.

28 U.S.C. § 1631 states in pertinent part that "Whenever a civil action is filed in a court as defined in section 610 of this title … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court … in which the action or appeal could have been brought at the time it was filed or noticed …" 28 U.S.C. § 1631.  Transfer of venue under 28 U.S.C. § 1631 is appropriate when a district court finds that it does not have personal jurisdiction over a defendant, and therefore, it must "determine whether the action could have been brought in [another district] and whether such transfer would be in the interest of justice." *Harrell v. Kepreos*, 175 F. App'x 793, 794 (9th Cir. 2006) (citing *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990). Although "[n]ormally transfer will be in the interest of justice," *Miller*, 905 F.2d at 262, where transfer "would be to no avail" because no other federal court can exercise jurisdiction, dismissal is warranted. *Charles v. Rice*, 28 F.3d 1312, 1323 (1st Cir. 1994); *Kier Bros. Investments Inc. v. White*, 943 F. Supp. 1, 4 (D.D.C. 1996).  District courts have "broad discretion" to determine when the interest of justice or party convenience makes a transfer of venue appropriate. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (quoting *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)).  The age-old rule that a court may not in any case, even in the interest of justice, extend its jurisdiction where none exists.  Parties often spend years litigating claims only to learn that their efforts and expense were wasted in a court that lacked jurisdiction. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988).

## ARGUMENT

### I. The Court Should Dismiss the Complaint for Lack of Personal Jurisdiction.

The allegations in YSN Imports' Complaint fail to establish a *prima facie*

showing that Mathews Outdoor Products is subject to personal jurisdiction in this case. The only activities alleged to have occurred in California can be characterized as (i) the sale and shipment of propane firestarters by Mathews Outdoor Products, and (ii) the sending of cease and desist letters to YSN Imports alleging infringement of the Mathews Outdoor Products patent.

**A. Specific Jurisdiction is lacking because Mathews Outdoor Products has Insufficient Minimum Contacts with California Under Controlling Federal Circuit Law.**

Federal Circuit precedent is clear that "sending of cease and desist letters or mere attempts to license the patents at issue" are protected activities that cannot be the sole basis for exercising specific jurisdiction. *Avocent*, 552 F.3d at 1134.  Instead, "there must be 'other activities' directed at the forum *and related to the cause of action* besides the letters threatening an infringement suit." *Id.* at 1334 (quoting *Silent Drive*, 326 F.3d at 1202) (emphasis added in *Avocent*). "[T]he contacts material to the specific jurisdiction analysis in a declaratory judgment action are not just any activities related to the patent-at-issue. *Autogenomics,* 566 F.3d at 1119-20 (citing *Avocent*, 552 F.3d at 1336). Rather, "the relevant activities are those that the defendant 'purposefully directs … at the forum which relate in some material way to the enforcement or the defense of the patent.'" *Id.*

These rules are fully explained by the Federal Circuit in *Avocent* and *Autogenomics*. In *Avocent*, plaintiff Avocent, a Delaware corporation located in Alabama, sought declaratory judgment of non-infringement and invalidity of two patents owned by the defendant patentee Aten International, a Taiwanese company. Aten had no registered office and no official address in the United States and sold and distributed its products through its U.S. subsidiary. *Avocent*, 552 F.3d at 1342.  Aten moved to dismiss the declaratory judgement action for lack of personal jurisdiction, and the district court granted the motion. *Id.* at 1326-27. The Federal Circuit affirmed the district

Brief in Support of Defendant's Motion
to Dismiss or Transfer                        4                        YSN  Imports v, Mather Outdoor
                                                                      2:19-cv-08073-PSG-KS

court's decision, finding that the district court lacked jurisdiction over Aten and explained that the specific jurisdiction analysis focuses on "whether the defendant has contact with parties in the forum state beyond the sending of cease and desist letters or mere attempts to license the patent at issue there." *Id.* at 1334. In that analysis, the Federal Circuit looked at Aten's activities, including: (1) sending a notice letter to Avocent's president in Alabama; (2) sale of Aten's products through distributors and at retail in Alabama; (3) sending two other notice letters to Avocent's customers; and (4) Aten's infringement suits in other tribunals on the same patent against other U.S. companies. *Id.* at 1343-47. In affirming the district court, the Federal Circuit then held that under controlling Federal Circuit law, a party could send "cease and desist letters to a suspected infringer, or its customers, without being subjected to personal jurisdiction." *Id.* at 1340. Aten's other activities, including the sale of its products through distributors in Alabama and filing patent enforcement actions in other tribunals, were insufficient to confer personal jurisdiction in Alabama. *Id.* at 1337-39.

In *Autogenomics*, the plaintiff Autogenomics, a California corporation with a principal place of business in California, sought declaratory judgment of non-infringement and invalidity of a patent owned by the defendant Oxford, a British biotechnology company, in the Central District of California. *Autogenomics,* 566 F.3d at 1014. Both companies manufactured and sold microarray products.  *Id.*  Oxford was not registered to do business in California, nor did it have any facilities, assets, employees, or agents in California. *Id.* Oxford moved to dismiss the declaratory judgement action for lack of personal jurisdiction. *Id*. To support its contention that the District Court could exercise personal jurisdiction over the foreign defendant Oxford, Autogenomics pointed to multiple contacts between Oxford and California. Those contacts included: (1) sending a cease-and-desist letter to Autogenomics in California; (2) failed licensing negotiations between Oxford and Autogenomics, for which two representatives of Oxford flew to California to meet with representatives of Autogenomics; (3) entering into licenses

1    with "about ten" California companies with respect to the microarray technology;

2    (4) a collaboration agreement between Oxford and Agilent, a company with offices

3    in California; (5) a supply agreement between Oxford and Agilent; (6) three scien-

4    tific conferences in California in which Oxford participated, made presentations, or

5    set up a booth; (7) sales of twenty microarray products sold by Oxford to a Califor-

6    nia company; and (8) publication of an "application note" on the UK website Na-

7    ture.com. *Id.* at 1014-16. The Federal Circuit affirmed the district court's decision

8    that these contacts are insufficient to establish personal jurisdiction under *Avocent*,

9    which held that "the contacts material to the specific jurisdiction analysis in a de-

10   claratory judgment action are not just any activities related to the patent-at-issue"

11   and the relevant activities are those that "relate in some material way to the en-

12   forcement or the defense of the patent." *Id*. at 1019-20. The Court further ex-

13   plained that cease-and-desist letters from a defendant to a plaintiff that initiate a

14   declaratory judgment action do not qualify as such additional relevant activities,

15   because those letters are the very reason for the action. *Id.* Moreover, based on

16   principles of fairness, a "patentee should not subject itself to personal jurisdiction

17   in a forum solely by informing a party who happens to be located there of sus-

18   pected infringement." *Id.* (quoting *Red Wing Shoe Co. Inc. v. Hockerson-Halber-*

19   *stadt, Inv.,* 148 F.3d 1355, 1360-61 (Fed. Cir. 1998)).

20       Here, like the defendants in *Avocent* and *Autogenomics*, Mathews Outdoor

21   Products is a foreign entity that neither is registered to do business in the forum state

22   nor has any facilities, assets, employees, or agents in the forum state. Mathews Out-

23   door Products' only relevant activity that "relate[s] in some material way to the en-

24   forcement or the defense of the patent" is the sending of notice letters. Under control-

25   ling and well-established Federal Circuit law, the sending of notice letters alone is

26   not sufficient to support personal jurisdiction in a patent declaratory judgment action,

27   although the action arises from the letters. *Autogenomics,* 566 F.3d at 1019-20; *Avo-*

28   *cent*, 552 F.3d at 1342; *Red Wing Shoe*, 148 F.3d at 1360-61.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

As for the first activity, Mathews Outdoor Products acknowledges it has sold and shipped propane firestarters covered by the Mathews Outdoor Products patent through an online retailer who shipped a product to California.  However, this activity does not support the exercise of personal jurisdiction over Mathews Outdoor Products in this case because the Federal Circuit has held that, in a declaratory judgement patent action, a defendant patentee's own commercialization activity in the forum does not support specific personal jurisdiction. *Avocent*, 552 F.3d at 1335-36.  The Federal Circuit held that "a defendant patentee's mere acts of making, using, offering to sell, selling, or importing products – whether covered by the relevant patent(s) or not – do not, in the jurisdictional sense, relate in any material way to the patent right that is at the center of any declaratory judgment claim for non-infringement, invalidity, and/or unenforceability." *Id*. (emphasis added).  The Federal Circuit reasoned that, because "the nature of the [declaratory judgement] claim ... is to clear the air of infringement charges," the claim "neither directly arises out of nor relates to the making, using, offering to sell, selling, or importing of arguably infringing products in the forum." *Id.* at 1332.  Under these guidelines, YSN Imports' allegation that Mathews Outdoor Products is selling propane firestarters throughout the state of California fails to establish a *prima facie* case of personal jurisdiction over Mathews Outdoor Products because Mathews Outdoor Products' commercial activity is unrelated to, and does not give rise to, YSN Imports' declaratory judgment action for non-infringement and invalidity of the Mathews Outdoor Products patent.

With regard to YSN Imports' allegation that Mathews Outdoor Products has made patent infringement threats against YSN Imports in California, the Federal Circuit held in *Avocent* that "...a patent owner may, without more, send cease and desist letters to a suspected infringer, *or its customers*, without being subjected to personal jurisdiction in the suspected infringer's home state." *Avocent*, 552 F.3d at 1340 (quot-

ing *Breckenridge*, 444 F.3d at 1362) (emphasis in original).  Mathews Outdoor Products acknowledges it has sent cease and desist letters to YSN Imports alleging infringement of the Mathews Outdoor Products patent.  Threats of infringement directed at the forum state are not enough in itself to satisfy the "minimal contacts" requirement. See *Elecs. for Imaging v. Coyle*, 340 F.3d 1344, 1351 (Fed. Cir. 2003) (recognizing that "based on policy considerations unique to the patent context, letters threatening suit for patent infringement sent to the alleged infringer by themselves do not suffice to create personal jurisdiction."); see also *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (holding that three cease- and-desist letters alone "do not suffice to create personal jurisdiction").  "Rather, 'other activities' distinct from threats of infringement are required for a patentee to be subject to personal jurisdiction in the forum." *Coyle*, 340 F.3d at 1351 (citing *Silent Drive, Inc. v. Strong Indus.*, 326 F.3d 1194, 1202 (Fed. Cir. 2003)).  Thus, "[f]or the exercise of personal jurisdiction to comport with fair play and substantial justice, there must be 'other activities' directed at the forum and related to the cause of action besides the letters threatening an infringement suit." *Silent Drive*, 326 F.3d at 1202.  Under *Red Wing Shoe*, merely sending notice letters of patent infringement does not satisfy the "fair play and substantial justice" prong of the personal jurisdiction inquiry, because principles of fair play "afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum." *Id.* at 1360–61; see also *Maxchief* 909 F.3d at 1139 (2018).  Therefore, such infringement notices do not subject Mathews Outdoor Products to personal jurisdiction in the suspected infringer's home state.

YSN Imports may have felt threatened by Mathews Outdoor Products' infringement threats against YSN Imports because the accused products were manufactured for and imported and distributed by YSN Imports.  However, it is respectfully

Brief in Support of Defendant's Motion
to Dismiss or Transfer                                          8                    YSN  Imports v, Mather Outdoor
                                                                                                      2:19-cv-08073-PSG-KS

submitted that under *Avocent*, such apprehension of suit due to accusations of infringement fail to support the exercise of personal jurisdiction over a defendant in the suspected infringer's home state. *Avocent*, 552 F.3d at 1340.  In an ordinary patent infringement suit, "the nature and extent of the commercialization of the accused products or services" is a relevant inquiry. *Id.* at 1332.  However, in the context of an action seeking a declaratory judgment of non-infringement, the jurisdictional inquiry is guided by different factors. See *Id.*  In the declaratory judgment context, "the patentee is the defendant, and the claim asserted by the plaintiff relates to the 'wrong restraint [by the patentee] on the free exploitation of non-infringing goods . . . [such as] the threat of an infringement suit.'" *Id.* (quoting *Red Wing Shoe*, 148 F.3d at 1360 (Fed. Cir. 1998)).  As the Federal Circuit has explained, the "nature of the claim in a declaratory judgment action is to clear the air of infringement charges . . . [s]uch a claim neither directly arises out of nor relates to the making, using, offering to sell, selling, or importing of arguably infringing products in the forum . . ." *Avocent*, 552 F.3d at 1332 (quotations omitted).  Rather, the relevant inquiry in patent declaratory judgment actions is the extent to which the "defendant patentee purposefully directed [patent enforcement activities] at residents of the forum, and the extent to which the declaratory judgment claim arises out of or relates to those activities. *Id.*

According to the Complaint, Mathews Outdoor Products sent threatening letters to YSN Imports, a Nevada Corporation. See Complaint, ¶¶1 and 4.  These letters, however, are not enough in and of themselves to establish specific personal jurisdiction in a declaratory judgment action on the non-infringement of a patent. See *Silent Drive*, 326 F.3d at 1202 ("letters threatening suit for patent infringement sent to the alleged infringer by themselves do not suffice to create personal jurisdiction") (quoting *Red Wing Shoe*, 148 F.3d at 1359-60); see also *Bike Builders Bible, Inc. v. Lee*, 2018 WL 3410003, (C.D. Cal. May 8, 2018); *Maxchief Investments Limited v. Wok & Pan, Ind., Inc.*, 2017 WL 6601921 (E.D. Tenn. Sept. 29, 2017) aff'd 909 F.3d 1134

(2018).

"A declaratory judgement claim arises out of the patentee's contacts with the forum state only if those contacts 'relate in some material way to the enforcement or the defense of the patent.'" *Maxchief* 909 F.3d at 1138 (Fed. Cir. 2018) quoting *Avocent* 552 F.3d at1336 (Fed. Cir. 2008). "Accordingly, in this context the minimum contacts prong requires some enforcement activity in the forum state by the patentee." *Id.*  In the instant case, YSN Imports has failed to assert sufficient facts in i

Thus, "[f]or the exercise of personal jurisdiction to comport with fair play and substantial justice, there must be 'other activities' directed at the forum and related to the cause of action besides the letters threatening an infringement suit." *Silent Drive*, 326 F.3d at 1202.  The issue is whether Mathews Outdoor Products engaged in "other activities" that "relate to" the enforcement of the subject patent in the forum state, i.e. California. See *Avocent*, 552 F.3d at 1334.  The Federal Circuit has defined "other activities" as the following:

> [T]he crux of the due process inquiry should focus first on *whether the defendant has had contact with parties in the forum state beyond the sending of cease and desist letters* or mere attempts to license the patent at issue there. Where a defendant-licensor has a relationship with an exclusive licensee headquartered or doing business in the forum state, the inquiry requires close examination of the license agreement. In particular, our case law requires that the license agreement contemplate a relationship beyond royalty or cross-licensing payment, such as granting both parties the right to litigate infringement cases or granting the licensor the right to exercise control over the licensee's sales or marketing activities.

*Breckenridge*, 444 F.3d at 1366 (Fed. Cir. 2006) (emphasis added).  These "other activities" must "relate to the enforcement or the defense of the validity of the relevant

patents." *Avocent*, 552 F.3d at 1334.  These "other activities" include "initiating judicial or extra-judicial patent enforcement within the forum or entering into an exclusive license agreement or other undertaking which imposes enforcement obligations with a party residing or regularly doing business in the forum." *Id.*; see also *Campbell Pet Co. v. Miale*, 542 F.3d 879, 886 (Fed. Cir. 2008) (finding jurisdiction over a patentee who engaged in "extra-judicial patent enforcement," which included enlisting a third party to remove the defendant's products from a trade show that was being held in the forum state); see also *Red Wing Shoe*, 148 F.3d at 1362 (declining to find specific personal jurisdiction over a patentee with thirty-four non-exclusive licensees selling the patented product in the forum state because "none of [the patentee's] licenses requires it to defend or pursue infringement actions involving the [relevant] patent, nor requires [the patentee] to be so nearly involved with its licensees as was the case with the exclusive licensee in <u>Akro</u>.").  In addition, the Federal Circuit has held that commercial activity does not qualify as "other activities" to support specific personal jurisdiction. *Avocent*, 552 F.3d at 1332, 1335 ("What the patentee makes, uses, offers to sell, sells, or imports are of no real relevance to the enforcement or defense of a patent").  Since this instant case involves a declaratory judgment action on the non-infringement of a patent, the Court is therefore guided by *Avocent*.

Other than sending of the notice letters, Mathews Outdoor Products has not engaged in any enforcement or defense-related activities related to the Mathews Outdoor Products patent in California. Nor has Mathews Outdoor Products, prior to this action, ever been sued in a state or federal court in California or any other state in the United States on the Mathews Outdoor Products patent (or for any other subject matters).  Mathews Outdoor Products has never ever sued any party in a state or federal court in California or any other state in the United States on the Mathews Outdoor Products patent (or for any other subject matters).  Mathews Outdoor Products has never had any meetings with YSN Imports in California.  Mathews Outdoor Products

has not granted any patent licenses – whether exclusive or otherwise – to its dealers or any other party in California.  Accordingly, YSN Imports' Complaint fails to establish a *prima facie* case of personal jurisdiction in this case.

**B. General Jurisdiction is lacking because Mathews Outdoor Products has No Continuous and Systematic Contacts with California.**

The Supreme Court has stated that contacts with a forum state are "continuous and systematic" where a non-forum defendant is "essentially at home in the forum state." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014); *see also*, *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000) (holding that a nonresident defendant's "substantial" or "continuous and systematic" contacts with California – to support general jurisdiction – must "approximate physical presence"). Mathews Outdoor Products does not have the "continuous and systematic" contacts with California such that it is "at home," in California.

YSN Imports makes conclusory jurisdictional allegations without supplying any facts to support such allegations.  For example, nowhere in the Complaint does YSN Imports substantiate its claim that Mathews Outdoor Products has "substantial and continuous contacts with California" so as to support general jurisdiction.  The Federal Circuit, quoting the Supreme Court, has stated that general jurisdiction imposes a "higher burden," requiring a finding that the defendant's contacts with the forum are "continuous and systematic general business contacts." *Avocent*, 552 F.3d at 1330 (quoting *Helicopteros*, 466 U.S. at 415–16).

Mathews Outdoor Products has had no contacts with California beyond: (i) the sale and shipment of propane firestarters by Mathews Outdoor Products, and (ii) the sending of cease and desist letters to YSN Imports alleging infringement of the Mathews Outdoor Products patent.  These contacts are woefully insufficient to establish that Mathews Outdoor Products has had "continuous and systematic" contacts with California properly to be said to be "at home," here. *Daimler*, 134 S. Ct. at 761;

see also *e.g.*, *Avocent*, 552 F.3d at 1338 (finding plaintiff's complaint "fatally deficient" because the complaint merely alleged that the defendant engaged in "unspecified sales and marketing activity" through agents or affiliates).  In *Daimler*, the Supreme Court held that the German automaker Daimler is not subject to general jurisdiction in California.  The Court reached this decision in spite of the fact that Daimler's U.S. subsidiary is the largest supplier of luxury vehicles to the California market, and 10% of the subsidiary's new vehicle sales in the United States took place in California. *Id.* at 752.  The Court held that the subsidiary contacts with California could not be imputed to Daimler, but even if the contacts were imputable to Daimler, "there would still be no basis to subject Daimler to general jurisdiction in California, for Daimler's slim contacts with the State hardly render it at home there." *Id.* at 759.  The Court found "unacceptably grasping" the notion that a corporation may be held to general or "all purpose" personal jurisdiction "in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business,'" and not just in the forum states where a company is incorporated or locates its principal place of business. *Id.* at 760–761.  Relying on *Daimler*, courts regularly find no general jurisdiction in patent declaratory judgment actions. See, e.g., *HID Glob. Corp. v. Isonas, Inc.*, 2014 WL 10988340, at *3 (C.D. Cal. Apr. 21, 2014); *Omnitek Eng'g Corp. v. CNG One Source, Inc.*, 2014 WL 10475280, at *4–6 (S.D. Cal. July 8, 2014); *www.Turnstiles.us, Inc. v. Modular Sec. Sys., Inc.*, 2016 WL 9735764, at *4–6 (D. Colo. June 28, 2016); *New World Int'l, Inc. v. Ford Glob. Techs., LLC*, 2016 WL 1069675, at *2–3 (N.D. Tex. Mar. 16, 2016), *aff'd*, 859 F.3d 1032 (Fed. Cir. 2017).

Under these guiding principles, YSN Imports' Complaint fails to establish that Mathews Outdoor Products has established substantial contacts with the State of California that are so "continuous and systematic" that the defendant can effectively be considered a resident of the forum. The only relevant allegation found in the Complaint is conclusory and non-dispositive assertion that "On information and belief,

Defendant regularly and continuously conducts business in and/or has maintained continuous and substantial contacts with the State of California so that requiring Defendant to respond to this action will not violate due process." Complaint, ¶1. This wholly conclusory assertion is insufficient to support general jurisdiction.

The Supreme Court has stated that it is an "exceptional case" for general jurisdiction to be available outside of a business's state of incorporation or principal place of business. *Daimler*, 134 S. Ct. at 761, n.19. For general jurisdiction to apply, contacts must be so "constant and pervasive" that the company is "essentially at home." *Id.* at 751. It is undisputed that the mere sending of a notice letter to an infringing party does not constitute "purposeful availment" of the recipient's forum. *Avocent*, 552 F.3d at 1340 (quoting *Breckenridge*, 444 F.3d at 1362).

In the present case, Mathews Outdoor Products does not own or maintain any offices in California, owns no property in California, has no contracts with California companies (other than arms-length agreements with distributors), is not licensed to do business in California, does not pay taxes in California, has no employees or representatives in California (or who regularly travel to California), does not have a registered agent for service in California, has attended no conferences or trade shows in California, has no California contact information, has no California bank accounts, does not litigate in California, and does not specifically target California residents with its advertising. At most, Mathews Outdoor Products is engaged in routine commercial activity selling products through online retail distributors.

YSN Imports failed to carry its burden of establishing a *prima facie* showing of personal jurisdiction over Mathews Outdoor Products via the allegations set forth in its Complaint. Accordingly, it is respectfully submitted that YSN Imports' Complaint should be dismissed for lack of personal jurisdiction.

**II. Alternatively, the Court Should Transfer Venue to the Eastern District of Louisiana.**

With regard to venue, 28 U.S.C. § 1400(b), the patent venue statute provides that "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  Furthermore, In *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed. Cir. 1990), the court held that the patent venue statute operates independently from the general venue statute, and a domestic corporation "resides" only in its state of incorporation for purposes of the patent venue statute.  28 U.S.C. § 1631 states in pertinent part that "Whenever a civil action is filed in a court as defined in section 610 of this title … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court … in which the action or appeal could have been brought at the time it was filed or noticed …" 28 U.S.C. § 1631.  Transfer of venue under 28 U.S.C. § 1631 is appropriate when a district court finds that it does not have personal jurisdiction over a defendant, and therefore, it must "determine whether the action could have been brought in [another district] and whether such transfer would be in the interest of justice." *Harrell v. Kepreos*, 175 F. App'x 793, 794 (9th Cir. 2006) (citing *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990).

### 1. *The present action could have been brought in the Eastern District of Louisiana.*

The first prong of the test for transfer of venue is easily met. The United States District Court for the Eastern District of Louisiana is a venue in which this case might have been brought originally.  Defendant Mathews Outdoor Products is a Louisiana Limited Liability Company, and therefore venue is proper in Louisiana.  As a Louisiana company with an office in Houma, Louisiana, Mathews Outdoor Products is subject to personal jurisdiction in the Eastern District of Louisiana.

## 2. *The interests of justice and convenience of the parties and witnesses weigh in favor of a transfer of venue.*

When looking at the second prong of the test and deciding a motion to transfer venue, the Court may consider various factors, such as the convenience of the parties and witnesses, the accessibility of evidence, the availability of process to make reluctant witnesses testify, the costs of obtaining willing witnesses, the practical problems of trying the case most expeditiously and inexpensively, and the interests of justice. *B.E. Tech., LLC v. Groupon, Inc.*, 957 F. Supp. 2d 939, 942 (W.D. Tenn. 2013). It is well established that the interest of justice alone may dictate transferring an action to another federal district court. *Hooker v. Burson*, 960 F. Supp. 1283, 1291 (M.D. Tenn. 1996) (citing *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986)).

It is not convenient for Mathews Outdoor Products, their lead counsel, or their potential witnesses to travel to the Central District of California to litigate this case. This is especially true because there is no real nexus to the Central District of California.  A transfer of venue would prevent the unnecessary expenditure of additional time, energy and money; would protect the parties, witnesses, and public against unnecessary inconvenience and expense; and would further the interests of justice.

The Sixth Circuit stated that, "'the Declaratory Judgment Act is not a tactical device whereby a party who would be a defendant in a coercive action may choose to be a plaintiff by winning the proverbial race to the courthouse.'" *Foundations Worldwide, Inc. v. Oliver & Tate Enters., Inc.*, No. 1:13cv506, 2013 WL 4054636, at *3 (N.D. Ohio Aug. 12, 2013) (quoting *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 712 (7th Cir. 2002) (citation omitted)).

YSN Imports' filing of its declaratory judgment action in the Central District of California amounts to exactly the type of improper forum shopping denounced by U.S. Circuit Courts.  The fact that YSN Imports filed its declaratory judgment action

in this forum appears to be a concerted effort to secure its choice of forum in a location which would be of maximum inconvenience to Mathews Outdoor Products.

Taking the above into consideration, Mathews Outdoor Products respectfully requests that this Court dismiss YSN Imports' Complaint for lack of personal jurisdiction; and in the alternative, Mathews Outdoor Products respectfully requests a transfer of YSN Imports' declaratory judgment action to the Eastern District of Louisiana.

## CONCLUSION

Because YSN Imports' Complaint fails to establish a *prima facie* showing that Mathews Outdoor Products is subject to personal jurisdiction in this case, dismissal of the Complaint under Fed. R. Civ. P. 12(b)(2) is respectfully requested. In the alternative, transfer of this case to the Eastern District of Louisiana is respectfully requested.

December 11, 2019

*/ s / Mark A. Goldstein*
Mark A. Goldstein
SoCal IP Law Group LLP
310 North Westlake Boulevard, Suite 120
Westlake Village, CA 91362
Telephone:  (805) 230-1350 ext. 240
Facsimile:  (805) 230-1355
Attorneys for Defendant MATHEWS
OUTDOOR PRODUCTS LLC

*/ s / Taylor M. Norton*
TAYLOR M. NORTON
THOMAS E. LEMLER
NORTON IP LAW FIRM LLC
345 Metairie Road
Metairie, LA 70005
Telephone:  (504) 291-2111
Facsimile:  (504) 533-0093
Attorneys for Defendant MATHEWS
OUTDOOR PRODUCTS LLC