TODD M. LANDER (BAR NO. 173031)
todd.lander@ffslaw.com
MARK B. MIZRAHI (BAR NO. 179384)
mark.mizrahi@ffslaw.com
FREEMAN, FREEMAN & SMILEY, LLP
1888 Century Park East, 15th Floor
Los Angeles, California 90067
Telephone: (310) 255-6100
Facsimile: (310) 255-6200

Attorneys for Plaintiff
YSN IMPORTS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YSN IMPORTS, INC., a Nevada corporation dba Flame King,<br><br>Plaintiff,<br><br>v.<br><br>MATHEWS OUTDOOR PRODUCTS LLC, a Louisiana limited liability company,<br><br>Defendant. | CASE NO.: 2:19-cv-08073-PSG-KS<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT MATHEWS OUTDOOR PRODUCTS LLC'S MOTION TO DISMISS**<br><br>Hearing Date: February 10, 2020<br>Time: 1:30 p.m.<br>Courtroom: 6A, 6th Floor<br><br>Complaint Filed: September 18, 2019<br><br>Trial Date: None |

*FREEMAN, FREEMAN & SMILEY, LLP*
*1888 CENTURY PARK EAST, SUITE 1500*
*LOS ANGELES, CALIFORNIA 90067*
*(310) 255-6100*

4407946.2

1

**TABLE OF CONTENTS**

2

Page

3   I.    INTRODUCTION ................................................................. 1

4   II.   BACKGROUND FACTS ....................................................... 2

5   III.  LEGAL ARGUMENT ........................................................... 7

6       A.   Defendant's Motion to Dismiss Should Be Denied In View of
             Defendant's Utter Failure to Meet and Confer, in Violation of
7            Local Rule 7-3. ............................................................... 7

8       B.   This Court has personal jurisdiction over Defendant ............ 8

9            1.   The Applicable Jurisdictional Standard ...................... 8

10           2.   The Court Maintains Specific Jurisdiction Over Defendant ...... 11

11                1.   First Prong: Defendant Purposefully Directed Its
                       Enforcement Activities at YSN, a California
12                     Resident. ..................................................... 11

13                2.   Second Prong:  Plaintiff's Claims Relate to
                       Defendant's California-Related Activities .......... 16

14
                  3.   Third Prong:  California Jurisdiction Is Reasonable ...... 16
15

16      C.   Unless the Court Denies the Motion to Dismiss Outright, this
             Court Should Permit YSN to Conduct Jurisdictional Discovery ....... 21

17      D    Defendant's request for transfer venue under 28 U.S.C. §
             1400(b) should be denied outright ..................................... 21
18
     IV.       CONCLUSION ................................................................. 24
19

20

21

22

23

24

25

26

27

28

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6110

# TABLE OF AUTHORITIES

**Page**

<u>Cases</u>

*Akro Corp. v. Luker*, 45 F.3d 1541 (Fed. Cir. 1995) ....................................14

*Authentify Patent Co., LLC v. StrikeForce Techs., Inc.*, 39 F. Supp. 3d 1135 (W.D. Wash. 2014)....................................................................................22

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012 (Fed. Cir. 2009).......................................................................................... 9, 12, 15

*Bodem v. GTE Corp.*, 197 F.Supp.2d 1225 (C.D.Cal. 2002) ....................................17

*Breckenridge Pharmaceutical, Inc. v. Metabolite Laboratories, Inc.*, 444 F. 3d 1356 (Fed. Cir. 2006) ...................................................... 18, 19, 20

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) ....................................................................... 10, 17, 21

*Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Investment, Inc.*, 788 F.2d 535 (9th Cir. 1986)....................................21

*Calix Networks, Inc. v. Wi–Lan, Inc.*, No. C-09-06038-CRB DMR, 2010 WL 3515759, at *4 (N.D.Cal. Sept. 8, 2010) ...........................................21

*Campbell Pet Co. v. Miale*, 542 F. 3d 879 (Fed. Cir. 2008) ...................... 10, 15, 17

*Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126 (9th Cir. 1995) ........................19

Daimler AG v. Bauman, 571 U.S. 117 (2014) ..................................................9

*Depranyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343 (Fed. Cir. 2002) ..........................................................9

*Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122 (9th Cir. 2003) ..................................................................... 20, 22

*Hawkins v. Davis*, No. CV 00-01077 DDPCWX, 2001 WL 1548961, *1 (C.D.Cal. Oct. 19, 2001) ......................................................................17

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984)................9

*In re Intuit Privacy Litigation*, 138 F.Supp.2d 1272 (C.D. Cal. 2001) ....................17

*Inamed Corp. v. Kuzmak*, 249 F.3d 1356 (Fed. Cir. 2001) ............................. 9, 14

*Jack Henry & Associates, Inc. v. Plano Encryption Technologies, LLC*, 910 F.3d 1199 (Fed. Cir. 2018)................................................. passim

*Liberty Media Holdings, LLC v. Letyagin*, 925 F.Supp.2d 1114 (D. Nev. 2013)....................................................................................21

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

4407946.2

*LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369 (Fed. Cir. 2000) .................9

*Lujan v. National Wildlife Federation*, 497 U.S. 871, 894-95 (1990) ......................17

*Maxchief Inv. Ltd. v. Wok & Pan Ind., Inc.*, 909 F.3d 1134 (Fed. Cir. 2018)...........13

*New World International, Inc. v. Ford Global Techs., LLC*, 859 F.3d 1032
    (Fed. Cir. 2017) ..............................................................................16

*Polar Electro Oy v. Suunto Oy*, 829 F.3d 1343 (Fed. Cir. 2016) ......................... 9, 10

*RCR Plumbing & Mech., Inc. v. Ace Am. Ins. Co.*, No.
    EDCV1000995VAPDTBX, 2011 WL 13224828, at *3 (C.D. Cal.
    June 3, 2011) ..................................................................................8

*Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797 (9th Cir. 2004) ...............17

*Sinatra v. National Enquirer*, 854 F.2d 1191 (9th Cir. 1988)................................20

*Superbalife, Int'l v. Powerpay*, No. CV 08-5099, 2008 WL 4559752 (C.D.
    Cal. Oct. 7, 2008) ............................................................................8

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 197 L.
    Ed. 2d 816 (2017) ...........................................................................23

*U.S. Aluminum Corp. v. Kawneer Co.*, 694 F.2d 193 (9th Cir. 1982) ......................23

*United States v. Cox*, 7 F.3d 1458 (9th Cir. 1993) ............................................17

*VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F. 2d 1574 (Fed. Cir.
    1990)......................................................................................... 22, 23

<u>Statutes</u>

28 U.S.C. § 1391................................................................................22

28 U.S.C. §1400(b) ................................................................ 1, 2, 22, 23

28 U.S.C. §1631................................................................................23

35 U.S. Code § 271(a).........................................................................4

Cal. Civ. Proc. Code § 410.10 ...............................................................9

Fed R. Civ. P. 4 ...............................................................................7

<u>Other Authorities</u>

14D CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL
    PRACTICE AND PROCEDURE § 3823 (4th ed. 2017) ................................23

*Chisum on Patents* 8:21.02[3][a][ii] ........................................................19

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1

<u>Rules</u>

2

Civil Local Rule 7-3 ................................................................................ 8

3

Local Rule 7-3 ......................................................................................... 8

4

Local Rule 83-7 ....................................................................................... 8

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

4407946.2

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

Plaintiff YSN Imports, Inc. ("YSN") hereby opposes Mathews Outdoor Products LLC's ("Defendant") Motion to Dismiss under Fed. R. Civ. P. 12(b)(2) or, Alternatively, Motion to Transfer (the "Motion to Dismiss").

## I.   INTRODUCTION

Defendant's Motion to Dismiss is predicated on outdated and inapposite legal assertions, faulty factual premises, and, notably, no evidence or declarations. Specifically, the Motion to Dismiss contends, without evidence, that this Court lacks personal jurisdiction over Defendants because: (1) Defendant is based in Louisiana, has no contacts with California, and merely sent a cease-and-desist letter to YSN in California, such that it does not maintain "sufficient minimum" contacts with California to warrant the exercise of jurisdiction over it; and (2) 28 U.S.C. §1400(b), which mandates that "any civil action for patent infringement may be brought in the judicial district where the defendant resides…," requires that this action be transferred to the Eastern District of Louisiana.  The law and facts make quick work of each of these arguments.

In fact, Defendant has been harassing both California-based YSN <u>and</u> its retailer customers, including California-based eBay, for nearly a year now alleging patent infringement of its U.S. Design Patent No. D851,763 (the "patent-in-suit") – even before the patent issued and even after YSN completely redesigned its firestarter device to bear no resemblance to the device claimed in the patent-in-suit.[1] Specifically, Defendant has sent numerous – not just one – threatening emails to YSN directly and to YSN's various retailer customers (resulting in removal of YSN's firestarter product from their websites), and has acted with belligerence and intimidation towards YSN at various trade shows in front of YSN's customers and prospective customers, including while YSN's president was being interviewed by

---

[1]   In connection with design patents, if the accused design is different enough in appearance, even if the utilitarian aspects of the patented device and the accused device are the same, there can be no infringement.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1  the editor of Oprah Magazine.  YSN cannot endure this harassment any longer and

2  needs to have this Court make a determination concerning infringement and validity

3  of the patent-in-suit – YSN contends that none of its products infringe the patent-in-

4  suit and further contends that the patent-in-suit is invalid in light of the prior art.

5  This is the exact type and scenario that the Congress contemplated when it

6  passed the declaratory judgment statute and these facts are certainly sufficient to

7  establish Defendant's minimum contacts, under the "specific jurisdiction" analysis,

8  with the state of California.  Defendant's citation to outdated legal authority for the

9  proposition that cease-and-desist letters are not by themselves sufficient to confer

10  specific jurisdiction over a patentee, aside from being outmoded, also

11  mischaracterizes the facts.  That is, even putting aside that this proposition was

12  abrogated by the Federal Circuit last year, the fact remains that Defendant did much

13  more than merely send a cease-and-desist letter, such that Defendant has established

14  "minimum contacts" with the state of California and this Court's exercise of

15  jurisdiction over Defendant is objectively fair and reasonable.

16  Moreover, 28 U.S.C. §1400(b), cited by Defendant in support of its demand

17  that this case be transferred, by its own terms only applies to "any civil action for

18  patent infringement."  The law on this issue, however, is well settled: This action

19  comprises a declaratory judgment action, not an action for patent infringement;

20  therefore, this statute does not apply to the claims at issue in this case.

21  For these reasons, and those set forth below, the Court should deny

22  Defendant's Motion to Dismiss.  Should the Court have any inclination to give

23  credence to Defendant's jurisdictional arguments and unsupported factual

24  allegations, YSN requests that the Court grant it the opportunity to undertake

25  jurisdictional discovery from Defendant.

## II.  BACKGROUND FACTS

27  Defendant omits numerous facts inconvenient to its arguments.  The

28  following background facts provide a more complete and accurate summary of the

4407946.2

2

facts underlying the Complaint and Defendant's aggressive and over-the-top enforcement activities in connection with the design patent-in-suit.

At the outset, contrary to Defendant's assertion, while YSN was incorporated in Nevada, its principal place of business is in Pico Rivera, California, not Carson City, Nevada.  (Newman declaration.)  YSN has been in the pressure valve, propane tank, and/or grill business for over two decades.  (Newman declaration.)

In 2019, YSN began selling the first version of its Flameking fire starter (the "First YSN Firestarter"), a device that attaches to a propane tank and facilitates lighting grills, fire pits, fireplaces, campfires, and the like.

On or about February 18, 2019, YSN received an email from Tyson Mathews, Defendant's manager, claiming that the First YSN Firestarter infringed "on [Defendant's] product" "protected by the following [Sic].  US Design Patent Serial No. 29/589,212, US Utility Patent Serial No. 15/394,470, and US Provisional Patent Serial No. 62/277,962."  In that same email, Mr. Mathews went on to state as follows (emphasis added):

> I am giving you fair warning with this email, to cease and desist all sales of this product (YSNFS-01-Propane-Fire-Starter-Log-Lighter), and any variation of our products. All sales must cease immediately, and product listings must be taken down from Amazon, Ebay, and any other sales channel you have it listed on. If the listings are not taken down by the end of the day on 2-19-19, I will hand this case over to our Patent Attorney, to file suit against your company, for infringement.

> Also, I have not done it yet, but will immediately let everyone know what kind of business this is. I will report your company to your biggest accounts, such as Home Depot, etc. I will also let the world know on Social Media, what kind of company this is. When I am done with your company, your company will be done. No one will want to do business with you. The act you have done, is terrible business integrity, and extremely bad for your business here in the US. Everyone will be terrified to do business with you. There is so much more I will do if you do not cease this operation immediately. You can't even imagine the fallout you are going to have. I'm just giving you fair warning before you are shunned out of the industry. You leave my products alone and I will leave your business alone! Fair is fair!

*See* Exhibit 1 to the Newman Declaration, emphasis added.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1  YSN ultimately learned that, at the time of both tradeshows and its receipt of

2  the February 18, 2019 email, while Defendant had pending United States patent

3  applications for a fire starter apparatus, Defendant did not own any issued patents

4  therefor.  (Newman declaration.)  Absent an issued patent, there were no rights that

5  could possibly be infringed upon.  35 U.S. Code § 271(a).

6  During the Hearth Patio & BBQ Show in Dallas, Texas, during March 14-16,

7  2019, two men (father and son) claiming to represent Defendant approached one of

8  YSN's employees, Mr. Blouner, at YSN's exhibitor's booth in loud and hostile

9  manner alleging that the First YSN Firestarter violated Defendant's patent rights.

10  (Dov Blouner declaration.)  To avoid a scene, YSN's employee tried to calm them

11  down by explaining to them his lack of authority at YSN and inviting them to send

12  whatever patents they allege covers the First YSN Firestarter to YSN's offices.

13  At the next tradeshow of 2019, the National Hardware Show held in Las

14  Vegas in May 2019, the same father and son duo visited the YSN exhibitor's booth

15  numerous times and harassed Mr. Blouner in a boisterous and intimidating manner,

16  again alleging that the First YSN Firestarter infringed upon Defendant's patent

17  rights.  (Dov Blouner declaration.)  At first, the son came to YSN's booth, followed

18  later by both father and son, and then later the father and son created a row at the

19  booth while Mr. Newman, YSN's president, was being interviewed by the editor of

20  Oprah Magazine.  (Dov Blouner declaration and Newman declaration.)

21  Specifically, they repeatedly interrupted Mr. Newman during the interview and

22  behaved in an obnoxious and bullying manner, including by loudly threatening to

23  ruin YSN's reputation and to ensure that nobody in the industry would continue

24  doing business with YSN and loudly asserting that YSN was dishonest and violated

25  their patent.  (Newman declaration.)  Recognizing indicia that suggested that YSN's

26  personnel were Jewish, despite the fact that all YSN's personal are United States

27  nationals, one of Defendant's representatives stated that "this may be the way

28  business is conducted in Israel, but is not the way business is done in the United

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

States."  (Newman declaration.)  During each visit to the YSN booth, in addition to throwing out anti-Semitic slurs and harassing YSN personnel, they also harassed attendees and prospective buyers who visited YSN's booth.  (Dov Blouner declaration.)  These incidents were extremely threatening, embarrassing and harmful to YSN and its personnel.  (Dov Blouner declaration and Newman declaration.)

On June 18, 2019, Defendant wrote to YSN, this time claiming that:

The patent was issued for the Cajun Dragon on 6/18/2019. Please cease all sales of your flame king "log lighter" immediately and remove all listings online (Amazon, etc.), contact any stores that have your product and cease all sales. This email serves as your notice of infringement.

U.S. Patent No. D851,763

I am attempting to handle this on the lowest level possible. If the listings are not removed by the end of the day today, our attorney will be notified. If you cooperate, this will not go any further.

(Exhibit 2 to the Newman Declaration.)

On June 20, 2019, YSN received a notice from eBay – **headquartered in California** – that, in response Defendant's demand to eBay that it remove YSN's listing for the First YSN Firestarter, eBay had taken down YSN's listing.  (Exhibit 3 to the Newman Declaration.)

On July 12, 2019, Defendant, yet again, wrote to YSN, this time informing YSN that it was in the process of filing a lawsuit against YSN and all of its customers, as follows:

Sam, Just a heads up. The Lawsuit will be filed next week. We are currently in the process of putting together our info for our Attorney as he has asked of us to move forward with this. Once he has this he will file it next week.

Regarding the lawsuit,

Ysn [sic] Imports, Flame King, and all associated customers and affiliates will be named in the suit. (Ex. Walmart, Amazon, Wayfair, Home Depot, Better Homes and Garden, Real Simple, People.com, Martha Stewart, Northline Express, Bizrate, Furnituresidea, ... and the rest of them.) Every single business that we can find will be sued over this.

So, I'm just giving you a chance to pull the product like has been asked of you to prevent yourself and the rest of all named and more from being sued, because of your Infringement. You have been warned

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

again! You will not receive another warning, however you can expect to be served. **I'm not sure about Israel, but Patents matter here in the U.S.A** [sic]

(Exhibit 4 to the Newman Declaration, emphasis added.)  Defendant did not file any such suit, however.

On September 4, 2019, YSN received notice from Home Depot that it had received a cease and desist demand from Defendant alleging that the First YSN Firestarter infringed upon the patent-in-suit and further threatening, in pertinent part, that "we will be going that route and filing a law suit against him [sic] and all customers who are selling the product."  (Exhibit 5 to the Newman Declaration.) That same day, one of YSN's other customers, Wayfair, informed YSN that it had received a similar threat from Defendant stating that it intended to "file a law suit if [the First YSN Firestarter product] is not taken down" from Wayfair's website. (Blouner Declaration.)  YSN also learned that, on or about September 5, 2019, Walmart had placed a "restriction" on the First YSN Firestarter product, due to Defendant's threats to Walmart.  (Newman Declaration.)

Rather than waste further time, energy, or emotion arguing the issue with Defendant, despite believing the patent-in-suit was invalid in view of the prior art, YSN elected to redesign the First YSN Firestarter to bear no resemblance whatsoever to the design elements of the firestarter depicted and claimed in the patent-in-suit, something of which YSN informed Defendant on September 6, 2019 that YSN intended to do.  (Newman Declaration.)  To that end, on September 17, 2019, YSN's patent counsel wrote to Mr. Mathews informing him of the specifics of YSN's redesign of its firestarter product (the "the Second YSN Firestarter") and demonstrating, in part, why YSN believes the patent-in-suit is invalid based on specific prior art references.  One can clearly see the radical differences in appearance between the parties' respective firestarter designs from the below depictions:

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100



YSN Second          Asserted Patent
Firestarter

(Exhibit 6 to the Mizrahi Declaration.)

In spite of these differences and the myriad of invalidating prior art depicted and attached to that letter, Defendant maintained its unreasonable and belligerent, threatening position stating in an email response that same day, as follows:

> That is absolute infringement! Have seen our design patent? If you manufacture and sell this product we will see you in court!

(Exhibit 7 to the Mizrahi Declaration.)

YSN had done everything it could to avoid conflict, even undergoing the time and expense of redesigning its firestarter product despite believing the patent-in-suit invalid.  YSN simply could not endure any further threats and harassment to it or its customers – something that has been ongoing for nearly one year with no end in sight – necessitating the declaratory relief sought in the Complaint.

### III.   LEGAL ARGUMENT

**A.   Defendant's Motion to Dismiss Should Be Denied In View of Defendant's Utter Failure to Meet and Confer, in Violation of Local Rule 7-3.**

Despite having been granted by YSN two extensions of time to respond to the Complaint in this action – totaling 47 days beyond the initial 21 days provided under Fed R. Civ. P. 4 – Defendant utterly failed to meet and confer with YSN concerning the subject of this motion, in brazen violation of Local Rule 7-3.[2]  (Mizrahi

---

[2]   In fact, Defendant never even informed YSN of Defendant's intention to file such a motion.  (Mizrahi declaration.)

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

declaration.)  This fact renders Defendant's Motion to Dismiss defective as a matter of law.  Local Rule 7-3 expressly provides that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, ***preferably in person***, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion." Civil Local Rule 7-3 (emphasis added).

Here, Defendant's counsel did not so much as request such a meeting, let alone participate in one.  (Mizrahi Declaration.)  In fact, this explains why Defendant's Notice of Motion (Dkt. Entry No. 19) fails to include the statement required under Local Rule 7-3, namely, that "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

Because Defendant failed to comply with either the letter or the substance of Local Rule 7-3, the Motion to Dismiss should be categorically denied with prejudice – Defendant has delayed long enough.  *See, Superbalife, Int'l v. Powerpay*, No. CV 08-5099, 2008 WL 4559752 (C.D. Cal. Oct. 7, 2008) (denying motion to dismiss on the basis of the moving party's failure to attempt to meet and confer "in good faith"). Indeed, "failure to meet and confer properly is grounds for dismissal or continuance of a motion." *RCR Plumbing & Mech., Inc. v. Ace Am. Ins. Co.*, No. EDCV1000995VAPDTBX, 2011 WL 13224828, at *3 (C.D. Cal. June 3, 2011).

Local Rule 7-3 makes Local Rule 7 applicable to virtually all motions in the Central District, including this one.  Local Rule 83-7 clearly states that "failure to conform to any of these Local Rules may subject the offending party or counsel" to penalties, both financial and preclusive, at the discretion of the Court.

On this basis alone, Defendants' Motion to Dismiss must be denied.

**B.**   **This Court has personal jurisdiction over Defendant**

    **1.**   The Applicable Jurisdictional Standard

The Complaint contains patent law claims of invalidity and noninfringement. Generally, if a claim is "intimately involved with the substance of the patent laws,"

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1  federal courts apply Federal Circuit precedent when considering whether to exercise
2  personal jurisdiction over an out-of-state patent holder.  *Autogenomics, Inc. v. Oxford*
3  *Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009) (internal quotation omitted).

4        "[B]efore a federal court can exercise personal jurisdiction over a defendant
5  in a federal question case, the court must determine whether an applicable statute
6  potentially confers jurisdiction by authorizing service of process on the defendant,
7  and whether the exercise of jurisdiction would satisfy the requirements of due
8  process." *Depranyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297
9  F.3d 1343, 1349 (Fed. Cir. 2002).  The California long-arm statute authorizes the
10 exercise of jurisdiction to the full extent permitted by the constitution and, as such,
11 the only question is whether the exercise of jurisdiction would be consistent with
12 due process. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014); *see also Inamed*
13 *Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001) ("[B]ecause California's
14 long-arm statute is coextensive with the limits of due process, the two inquiries
15 collapse into a single inquiry: whether jurisdiction comports with due
16 process."); Cal. Civ. Proc. Code § 410.10 (providing that California's long-arm
17 statute is coextensive with the federal due process clause).

18       A plaintiff can invoke two categories of personal jurisdiction: general and
19 specific. *Polar Electro Oy v. Suunto Oy*, 829 F.3d 1343, 1348 (Fed. Cir. 2016).
20 "Specific jurisdiction 'arises out of' or 'relates to' the cause of action even if those
21 contacts are 'isolated and sporadic.' " *LSI Indus. Inc. v. Hubbell Lighting, Inc.*, 232
22 F.3d 1369, 1375 (Fed. Cir. 2000) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S.
23 462, 472–73 (1985) ). "General jurisdiction arises when a defendant maintains
24 'continuous and systematic' contacts with the forum state even when the cause of
25 action has no relation to those contacts." *Id.* (quoting *Helicopteros Nacionales de*
26 *Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984) ).  Because, without
27 jurisdictional discovery, YSN presently lacks sufficient evidence to support having
28 the Court exercise general jurisdiction over Defendant but does possess sufficient

4407946.2

9

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1  evidence to support the exercise of specific jurisdiction, YSN discusses, without

2  prejudice, only specific jurisdiction as a basis for jurisdiction over Defendant at this

3  time.

4        When analyzing specific personal jurisdiction, the Federal Circuit applies a

5  three-prong test: "(1) whether the defendant purposefully directed activities at

6  residents of the forum; (2) whether the claim arises out of or relates to those

7  activities; and (3) whether assertion of personal jurisdiction is reasonable and

8  fair." *Polar Electro Oy*, 829 F.3d at 1348. The first two prongs correspond to the

9  '**minimum contacts**' prong of the *International Shoe* analysis, and the third prong

10  corresponds to the 'fair play and substantial justice' prong of the analysis." *Id.* Once

11  a plaintiff carries its burden of establishing the first two prongs, the burden shifts to

12  the defendant to prove that jurisdiction is unreasonable. *Id.*

13        Related to the third factor regarding whether assertion of personal jurisdiction

14  is "reasonable and fair," "[w]here a defendant who purposefully has directed his

15  activities at forum residents seeks to defeat jurisdiction, he must present a

16  compelling case that the presence of some other considerations would render

17  jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477, 105

18  S.Ct. 2174, 2184-85, 85 L.Ed.2d 528 (1985) (emphasis added).

19        The court must view the pleadings and affidavits in the light most favorable

20  to the plaintiff and not weigh the controverting assertions of the party seeking

21  dismissal. *Campbell Pet Co. v. Miale*, 542 F. 3d 879, 888 (Fed. Cir. 2008).  Indeed,

22  YSN alleges at Paragraph 1 of the Complaint (Dkt. 1) that, among other things:

> In addition, Defendant has sent numerous threatening letters and
> demands to YSN in the state of California, knowing that YSN is a
> California resident, and thereby purposefully directed its activities
> towards California. Defendant is subject to the personal jurisdiction in
> this Court and is amenable to service of process pursuant to California
> long-arm statute, Cal. Code of Civ. Procedure § 415.40, and Fed. R.
> Civ. P. 4(e).

27        Furthermore, the Federal Circuit recently clarified that, contrary to

28  Defendant's assertion, the sending of cease-and-desist letters to a plaintiff may

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

without more, on a case-by-case basis, be sufficient to confer the court with specific jurisdiction over a defendant. *See Jack Henry & Associates, Inc. v. Plano Encryption Technologies, LLC*, 910 F.3d 1199, 1206 (Fed. Cir.  2018).

### 2.   The Court Maintains Specific Jurisdiction Defendant

Defendant contends this Court lacks personal jurisdiction over it.  This, despite the fact that it went to great lengths to threaten and harass YSN and its customers with numerous allegations of infringement and threats of lawsuits spanning over a period of nearly one year – despite YSN's extensive efforts to placate Defendant – and to interfere with YSN's relationships with its customers, knowing of YSN's California domicile and that the brunt of the harm would be felt by YSN in California.  And the purported "evidence" supporting its jurisdictional argument comprises the threadbare arguments of counsel and citation to outdated legal authority.

### 1.   First Prong: Defendant Purposefully Directed Its Enforcement Activities at YSN, a California Resident.

In its Motion to Dismiss, Defendant relies principally on the invalid proposition that cease-and-desist letters may, without more, never serve as the basis for exercising specific jurisdiction over an out-of-state defendant in the context of a patent declaratory judgment action.

Here, taking the complaint and declarations in the light most favorable to YSN, there can be no question that defendant has sufficient contacts with California to allow this Court to exercise personal jurisdiction. First, Defendant made repeated threats of patent infringement against YSN – a company with its principal place of business and offices in California. (Dkt. 1., at ¶ 1.)  In fact, Defendant's manager's various emails contained direct allegations of patent infringement and threats of litigation, stating specifically in one instance:

"Ysn [sic] Imports, Flame King, and all associated customers and affiliates will be named in the suit. (Ex. Walmart, Amazon, Wayfair, Home Depot, Better Homes and Garden, Real Simple, People.com, Martha Stewart, Northline Express, Bizrate, Furnituresidea, ... and the

1   rest of them.) Every single business that we can find will be sued over

2   this."

3   (Exhibit 4.)

In another instance, Defendant threatened, in pertinent part:

4   "When I am done with your company, your company will be done. No

5   one will want to do business with you. The act you have done, is
    terrible business integrity, and extremely bad for your business here in

6   the US. Everyone will be terrified to do business with you. There is so
    much more I will do if you do not cease this operation immediately.

7   You can't even imagine the fallout you are going to have. I'm just
    giving you fair warning before you are shunned out of the industry."

8   (Exhibit 1.)

9       In its numerous threatening emails, Defendant "purposefully directed" its

10  charges of infringement to Plaintiff in California.   *See Jack Henry & Associates,*

11  *Inc. v. Plano Encryption Technologies, LLC*, 910 F.3d 1199, 1202-1203 (Fed. Cir.

12  2018).  Defendant incorrectly cites *Avocent Huntsville Corporation v. Aten*

13  *International Company* and *Autogenomics, Inc. v. Oxford Gene Technology Ltd.*

14  (relying on *Avocent*) for the proposition that sending of cease-and-desist letters are

15  protected activities that cannot serve as the sole basis for exercising specific

16  jurisdiction. (Motion to Dismiss, *e.g.*, pg. 4, lines 9-11; pg. 5, lines 9-12; pg. 6, lines

17  24-28, and pg. 8, lines 1-23.)  Rather, as the Federal Circuit explained, *Avocent* and

18  *Red Wing Shoe* "did not create ... a [bright-line] rule" that "patent enforcement

19  letters can never provide the basis for jurisdiction in a declaratory judgment action,"

20  and noted that to find otherwise "would contradict the [Supreme] Court's directive

21  to 'consider a variety of interests' in assessing whether jurisdiction would be fair."

22  *See Jack Henry,* 910 F.3d at 1206.  In fact, the Federal Circuit expressly recognized

23  that its "decision in Avocent did not establish the generalization that letter [sic]

24  charging infringement can never provide specific jurisdiction, and did not depart

25  from due process precedent…." *Id.* at 1203.  Thus, in acknowledging that there was

26  no such *per se* rule, the Federal Circuit recognized that there could be circumstances

27  under which cease-and-desist letters alone could serve as the basis for conferring

28  specific jurisdiction over a defendant in a patent declaratory relief action such as

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1   this.  *See Jack Henry,* 910 F.3d at 1204 ("[I]n *New World International, Inc. v. Ford*

2   *Global Technologies, LLC* we held that the sending of a letter that forms the basis

3   for the claim may be sufficient to establish minimum contacts.")  Predictably,

4   nowhere in Defendant's moving papers does it cite or even mention *Jack Henry.*

5        The facts, here, present such a case where Defendant's numerous threatening

6   and belligerent emails directed to YSN in California are themselves sufficient to

7   satisfy the "purposeful direction" prong of the specific jurisdiction test.  Here, we

8   are not facing a scenario of a patentee using cordial letter campaigns to seek out

9   licensees or to negotiate a resolution.  (See declarations of Newman etc.)

10       Rather, Defendant has launched a nearly year-long campaign of harassment

11  and intimidation against YSN and its customers that went far beyond merely

12  informing YSN of its alleged infringement of the patent-in-suit.  Defendant's

13  conduct went far beyond the pale.  When you factor in the belligerent and

14  intimidating tactics at various tradeshows, threats to ruin YSN's business, threats to

15  go after every one of YSN's customers, and its "extra-judicial patent enforcement"

16  in the form of threats made directly to YSN's retailer customers, including **eBay**

17  **headquartered in California** – beyond the various emails threatening to sue YSN –

18  it leaves no doubt that Defendant purposely directed its enforcement activities

19  related to the patent-in-suit against YSN in California.  (Declarations.)

20       It is of no moment that some – but certainly not all – of these activities may

21  have occurred outside of the state of California.  Federal Circuit precedent is clear:

22  The question is not where the threats are made but to whom the threats are made.

23  *See Maxchief Inv. Ltd. v. Wok & Pan Ind., Inc.*, 909 F.3d 1134, 1139-41 (Fed. Cir.

24  2018).[3]  In *Maxchief*, the Federal Circuit found that a letter alleging a Kansas

25

26  ---
     [3]   In *Maxchief*, unlike the case at hand, both the plaintiff and defendant were
27  Chinese corporations with principal places of business in China. *Maxchief*, 909 F.3d
    at 1136. There was no evidence that the defendant ever attempted to enforce its
28  patent (through infringement letters or otherwise) in Tennessee. *Id*. at 1137. And
                                                              (Continued…)

1   company infringed a patent constituted a contact with Kansas despite the fact that it

2   was sent to an attorney in Tennessee. *Id.*; *see also Inamed Corp. v. Kuzmak*, 249

3   F.3d 1356, 1360 (Fed. Cir. 2001) (a letter alleging infringement by a California

4   resident was directed at California even though it was sent to an attorney in New

5   York); *Akro Corp. v. Luker*, 45 F.3d 1541, 1546 (Fed. Cir. 1995) (infringement

6   letters sent to an attorney in North Carolina were contacts with Ohio, where the

7   allegedly infringing party was located). Thus, it does not matter that Defendant's in-

8   person threats were made at Las Vegas, Nevada and Dallas, Texas tradeshows,

9   because they were directed at a California resident.  Also, it does not matter that the

10  online marketplaces – aside from eBay – are not located in California, as both

11  YSN's customers (those marketplaces sell to California residents) and YSN suffered

12  harm here in California resulting from Defendant's take down demands.

13      There can be no doubt that under these facts Defendant purposefully directed

14  the complained of activities to YSN, a California resident, YSN's California

15  customers served by YSN's various retailer customers and their California

16  operations, and at specifically eBay a California company.

17      Furthermore, even putting aside the fact that *Jack Henry* makes clear that

18  there is no per se rule that cease-and-desist letters cannot by themselves comprise

19  "minimum contacts," the oft stated policy underlying the *Avocent* doctrine – now

20  expressly overruled – was a "policy favoring settlement" and "the interstate judicial

21  system's interest in obtaining the most efficient resolution of controversies" by not

22  penalizing a patentee for merely informing an alleged infringer.  *Jack Henry*, at

23  1205-06.  Even applying the outmoded legal standard cited by Defendant – stating

24  _____

25  (…Continued)

    the plaintiff could point to no other contacts between the defendant and the forum.
26  *Id.* at 1139-40. Here, on the contrary, Defendant did threaten to enforce its patent
    against a California company – a fact that constitutes a substantial contact between
27  Defendant and California. Moreover, and as described elsewhere in this
    memorandum, Defendant has extensive other contacts with California.
28

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1  that cease-and-desist letters alone are insufficient to confer personal jurisdiction –

2  here, the policies underlying that outmoded principal do not apply, as Defendant

3  went far beyond trying to inform YSN of its patent claims.  As the court in

4  *Campbell Pet Co. v. Miale*, 542 F.3d 879, 886 (Fed. Cir. 2008) explained, where the

5  defendant did more than merely inform the plaintiff of its suspected infringement,

6  such as making attempts at "extra-judicial patent enforcement" – such as writing to

7  eBay to have plaintiff's auction for the accused goods canceled and threatening their

8  future access to eBay and the viability of their business – such activities, taken

9  together with defendant sending plaintiff an email threatening suit, warrant the

10  exercise of personal jurisdiction over the defendant  *Id.* at 886-87.

11      The facts of this case make clear that Defendant's aggressive and over-the-top

12  actions constitute a far cry from activities likely to lead to settlement or to merely

13  inform.  This was made all the more clear in light of Defendant's threats to sue even

14  after YSN went to great lengths to redesign its accused infringing product – a design

15  that cannot reasonably constitute infringement of the design patent-in-suit.

16      Defendant's reliance on the Federal Circuit's holding in *Autogenomics, Inc. v.*

17  *Oxford Gene Technology Ltd.*, 566 F. 3d 1012 (Fed. Cir. 2009) is equally misplaced.

18  (*See* Motion to Dismiss at pg. 5, lines 16-28 and pg. 6, lines 1-19.)  In that case, the

19  Federal Circuit held that, because the various forum-related activities (aside from

20  the cease-and-desist letters) cited by the plaintiff did not relate to the defendant's

21  enforcement of the patent-in-suit, they did not bear on the "minimum contacts"

22  analysis, as they did not relate to the claims that gave rise to the claims at issue in

23  the litigation.  YSN does not rely, however, on Defendant's activities unrelated to its

24  enforcement of the patent-in suit to demonstrate "minimum contacts."[4]  So, that

25

26  [4] Rather, Defendant's various activities within the state of California – including its

27  sales of goods in California – while arguably not directly relevant to the "minimum
     contacts" prong of the specific jurisdictional test – such activities do weigh in favor

28  of finding that the exercise of jurisdiction over Defendant is "reasonable and fair"

(Continued…)

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1   citation and argument misses the mark.

2   These facts demand the rejection of Defendant's jurisdictional arguments.

3   **2.   Second Prong:  Plaintiff's Claims Relate to Defendant's California-Related Activities**

4

5   The second prong examines whether the claims made against the defendant

6   arise out of or relate in some material way to the defendant's California-related

7   activities.  *New World International, Inc. v. Ford Global Techs., LLC*, 859 F.3d

8   1032, 1037 (Fed. Cir. 2017).

9   YSN likewise satisfies this prong of the "minimum contacts" test.  At the risk

10  of stating the obvious, Defendant's complained of activities described herein

11  undoubtedly relate to the harm suffered by YSN.  Indeed, in *New World*

12  *International, Inc. v. Ford Global Techs., LLC*, *supra*, the Federal Circuit stated that

13  when a defendant sends a cease-and-desist letter to a potential plaintiff in that

14  particular forum, a subsequent declaratory judgment action by that potential plaintiff

15  "arises out of or relates to" the defendant's activity — namely, the cease-and-desist

16  letter.  So too, here.  Defendant's emails and other "extra-judicial patent

17  enforcement" activities directly relate to the basis for this lawsuit for declaratory

18  relief. These charges "arise out of or relate to" Defendant's patent enforcement

19  activities directed to YSN in California.

20  **3.   Third Prong:  California Jurisdiction Is Reasonable**

21  Defendant utterly failed to address this prong of the specific jurisdiction test.

22  Indeed, being that YSN has satisfied the first two prongs of the specific jurisdiction

23  test, thereby establishing Defendant's requisite "minimum contacts" with the state of

24  _____

25  (…Continued)
    under the third prong of the test. "Similarly, we have held that mere evidence of

26  sales within the forum of products covered by the relevant patent(s) is insufficient to
    guarantee specific personal jurisdiction over the patentee." *Avocent* at 1336.  That

27  does not mean, however, that it is not relevant to Defendant's contacts with the state

28  of California under the third prong.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1   California, Defendant bears the burden to "present a compelling case" that the

2   exercise of jurisdiction would not be reasonable. *Schwarzenegger v. Fred Martin*

3   *Motor Co.,* 374 F.3d 797, 802 (9th Cir. 2004); citing to *Burger King Corp., supra,* 471

4   U.S. at 476–78.  Being that Defendant, however, completely failed to address this

5   factor, Defendant has waived its right to raise it in connection with its motion – and,

6   therefore, Defendant's Motion to Dismiss should be denied.[5]

7       Regardless, the Supreme Court made clear that the third factor is to be applied

8   sparingly. *Campbell Pet Co. v. Miale*, 542 F. 3d at 885.  When a defendant seeks to

9   rely on the "fair play and substantial justice" factor to avoid the exercise of

10  jurisdiction by a court that otherwise would have personal jurisdiction over the

11  defendant, "he must present a compelling case that the presence of some other

12  considerations would render jurisdiction unreasonable." *Burger King,* 471 U.S. at 477,

13  105 S.Ct. 2174.  The Federal Circuit has echoed that restrictive characterization of the

14  third *Burger King* factor, stating that "defeats of otherwise constitutional personal

15  jurisdiction are limited to the rare situation in which the plaintiff's interest and the

16  state's interest in adjudicating the dispute in the forum are so attenuated that they are

17  clearly outweighed by the burden of subjecting the defendant to litigation within the

18  forum." *Campbell Pet Co. v. Miale*, 542 F.3d at 885 (internal quotations omitted).

19      With these clarifications in mind, even had Defendant addressed (and not

20  waived its right to address) the reasonableness prong of the specific jurisdiction

21  analysis, it would have failed to show that the exercise of jurisdiction does not

22  _____

23  [5]   Indeed, Defendant is precluded from raising this issue for the first time in the
    context of a reply.  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 894-95
24  (1990); *United States v. Cox*, 7 F.3d 1458, 1463 (9th Cir. 1993); *Bodem v. GTE
    Corp.*, 197 F.Supp.2d 1225, 1226 (C.D.Cal. 2002) ("The court has declined to
25  consider that ground because Defendants first asserted it in their reply."); *Hawkins
    v. Davis*, No. CV 00-01077 DDPCWX, 2001 WL 1548961, *1 (C.D.Cal. Oct. 19,
26  2001) ("The Ninth Circuit has held that the court need not, and does not, consider
    arguments raised for the first time in a reply brief." [citing Cox]); *In re Intuit
27  Privacy Litigation*, 138 F.Supp.2d 1272, 1275 n.3 (C.D. Cal. 2001) ("This court
    does not consider arguments raised anew for the first time in a reply brief as to do so
28  would unfairly deny the non-moving party an opportunity to respond.").

comport with "fair play and substantial justice."

Courts often consider the following nonexhaustive factors in determining reasonableness, including (1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Jack Henry, 1205-1206.* An application of this test further demonstrates that California jurisdiction is reasonable and that Defendant would not have been able to sustain its burden of presenting a "compelling case" demonstrating otherwise – even if it had bothered to address this prong of the specific jurisdiction test.

First Factor:  Burden on Defendant:  General assertion of hardship, without supporting evidence, is unpersuasive. *Breckenridge Pharmaceutical, Inc. v. Metabolite Laboratories, Inc.*, 444 F. 3d 1356, 1367 (Fed. Cir. 2006).  Here, Defendant failed to provide any evidence, whatsoever, in favor of this factor. Defendant's bald assertions comprise attorney argument, not evidence.

Also, the fact that Defendant concedes that it regularly sells and ships goods to customers in the state of California – parenthetically covered by the patent-in-suit – itself establishes the manifest reasonableness of this Court exercising personal jurisdiction over Defendant.[6]  (See, Motion to Dismiss, at pg. 4, ln. 3 and pg. 7, lns. 1-3.)  By selling goods into California and availing itself of the laws of this state, Defendant can hardly complain of having to defend itself in this state, especially where YSN has otherwise established the fact that Defendant has the requisite

---

[6]   The Federal Circuit's holding in *Avocent*, stating that the court should not consider Defendant's sales of goods covered by the patent-in-suit in making the jurisdictional determination in the context of a declaratory judgment action, relates to the "minimum contacts" inquiry of the first two prongs, not to the "reasonableness" prong.  The court did not address whether such sales may be considered in connection with the "reasonableness" prong of the specific jurisdiction analysis and it would only make sense that it does, as it goes directly to the issue of reasonableness of having to be hauled into court in a particular jurisdiction.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1   "minimum contacts" with California. According to Chisum on Patents, the leading

2   treatise on patent law, this means that courts "tend to find jurisdiction if the patent

3   owner has additional contacts with the district, such as by the regular shipment of

4   goods covered by the patent into the district." *Chisum on Patents* 8:21.02[3][a][ii].

5   Regardless, Defendant's general assertion of hardship (albeit in support of its

6   improper venue argument), without supporting evidence, is wholly unpersuasive.

7   *Breckenridge Pharmaceutical, Inc. v. Metabolite Laboratories, Inc.*, 444 F. 3d 1356,

8   1367 (Fed. Cir. 2006)

9   <u>Second Factor: the Interests of the Forum State</u>: California has a clear interest

10  in adjudicating the instant lawsuit. "California maintains a strong interest in

11  providing an effective means of redress for its residents [who are] tortiously

12  injured." *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297

13  F.3d 1343, 1356 (Fed. Cir. 2002) ("Just as a state has a substantial interest in

14  preventing patent infringement within its borders, it also has a substantial interest in

15  protecting its residents from claims of patent infringement that may be

16  unwarranted[.]").  Here, resolution of the dispute will affect not only California-

17  based YSN and the California branches of the retailers that received the letters,

18  which California has an interest in protecting from unfair competition and patent

19  misuse, but also California residents, who have an interest in legally obtaining an

20  firestarter product from sources other than Defendant.

21  Therefore, the facts of this case establish that Defendant's activities satisfy

22  the minimum contacts requirement without offense to due process; thus, personal

23  jurisdiction over Defendant in this Court is reasonable and fair.

24  <u>Third Factor:  the Plaintiff's Interest in Obtaining Relief</u>:  The importance to

25  YSN of adjudicating this dispute in California is obvious. "[N]o doctorate in

26  astrophysics is required to deduce that trying a case where one lives is almost always

27  a plaintiff's preference." *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126 (9th Cir.

28  1995).  And as noted above, "California maintains a strong interest in providing an

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1   effective means of redress for its residents [who are] tortiously injured." *Harris*

2   *Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1133 (9th Cir.

3   2003), citing *Sinatra v. National Enquirer*, 854 F.2d 1191, 1199 (9th Cir. 1988).

4        YSN, a company with its principal operations in California, has an interest in

5   obtaining "convenient and effective" relief from a nearby federal

6   court.  *Breckenridge Pharmaceutical, Inc. v. Metabolite Laboratories, Inc.*, 444 F.

7   3d at 1367.  This inquiry requires the court to focus on the convenience and

8   effectiveness of relief from the plaintiff's perspective, as generally the first party to

9   file suit chooses the forum, and it is clearly more convenient for a corporation with

10  its base of operations in California to obtain relief in California.  *Id.* at 1368.

11       <u>Fourth Factor:  the Interstate Judicial System's Interest in Obtaining the Most</u>

12  <u>Efficient Resolution of Controversies</u>: The Federal Court Management Statistics

13  indicate that the median time from filing to disposition of civil cases in the Central

14  District of California for the years 2017, 2018, and 2019 are substantially less than

15  for the Eastern District of Louisiana.  Specifically, for each of those years, the time

16  from filing to disposition for civil cases in the Central District of California has been

17  4.9, 5.0 and 4.9 months, as compared with 6.8, 7.8, and 10.3 months in the Eastern

18  District of Louisiana.  (Mizrahi Decl., at ¶ 6, Ex. 8.)  In addition, for those same years

19  , the median civil caseload per judge 510, 548, and 554 in the Central District of

20  California pales in comparison to the 1009, 1387, and 1470 civil cases per judge in

21  the Eastern District of Louisiana.  *Id.*  Furthermore, the Central District of California

22  is one of the most patent litigation experienced districts in the country.  This fact and

23  the significantly shorter time to disposition of civil cases in the Central District of

24  California weigh in favor of keeping this action in the Central District of California.

25       <u>Fifth Factor: the Shared Interest of the Several States in Furthering</u>

26  <u>Fundamental Substantive Social Policies</u>: YSN submits that this factor is neutral in

27  connection with patent disputes such as this.

28

1   In sum, the first four factors favor YSN, and the final factor is neutral.

2   Defendant has not met its burden of showing a "compelling case" that the exercise

3   of personal jurisdiction would be unfair under *Burger King*. As such, this Court may

4   exercise personal jurisdiction over Defendant in accordance with due process.

5   **C.      Unless the Court Denies the Motion to Dismiss Outright, this Court**

6   **Should Permit YSN to Conduct Jurisdictional Discovery.**

7   Despite the fact that Defendant proffered no declarations or evidence – only

8   bald allegations – if the court is inclined to give any weight to those allegations,

9   YSN should have an opportunity to undertake discovery to test them, before

10  rendering a decision on Defendant's Motion to Dismiss.

11  Specifically, YSN should be permitted to conduct discovery concerning,

12  without limitation:

13  - Defendant's contacts with the state of California;

14  - The extent of Defendant's efforts to sell its goods in California;

15  - The extent and nature of Defendant's contracts/licenses with California

16  residents and/or covering California;

17  - Defendant's other enforcement activities of the patent-in-suit directed at or

18  impacting California residents.

19  That right is essential to due process, because, as the Ninth Circuit has

20  observed, "[d]iscovery should ordinarily be granted where 'pertinent facts bearing

21  on the question of jurisdiction are controverted or where a more satisfactory

22  showing of the facts is necessary.'" *Butcher's Union Local No. 498, United Food &*

23  *Commercial Workers v. SDC Investment, Inc.*, 788 F.2d 535, 540 (9th Cir. 1986).

24  Indeed, the District Courts have held that a plaintiff need not make out a prima facie

25  case of personal jurisdiction before it can obtain jurisdictional discovery. *Calix*

26  *Networks, Inc. v. Wi–Lan, Inc.*, No. C-09-06038-CRB DMR, 2010 WL 3515759, at

27  *4 (N.D.Cal. Sept. 8, 2010); *Liberty Media Holdings, LLC v. Letyagin*, 925

28  F.Supp.2d 1114, 1120 (D. Nev. 2013).  Where further discovery on an issue "might

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1  well" demonstrate facts sufficient to constitute a basis for jurisdiction, it is an abuse

2  of discretion to deny it.  *Harris Rutsky & Co. Ins. Serv. v. Bell & Clements,* 328 F.3d

3  1122, 1135 (9th Cir. 2002).

4      In fact, in *Authentify Patent Co., LLC v. StrikeForce Techs., Inc.*, 39 F. Supp.

5  3d 1135, 1146 (W.D. Wash. 2014), the District Court allowed the plaintiff to

6  conduct jurisdictional discovery, which revealed that the defendant attempted,

7  unsuccessfully, to sell product in the forum state. Those efforts were sufficient to

8  bestow personal jurisdiction:

9      [T]he Court finds that Defendant's communications with Mr. Lee
       constitute offers to sell the allegedly infringing product under the
10     norms of traditional contract analysis. . . . Mr. Lee could have accepted
       the offer. . . . Because Mr. Lee could have accepted the proposed terms
11     offered by Mr. Waller, thereby creating a binding contract, the Court
       finds that Plaintiff has demonstrated by a preponderance of the
12     evidence that Defendant's interactions with Mr. Lee satisfy the second
       prong of the specific personal jurisdiction test.
13 *Id.*

14     YSN has, at a minimum, made a colorable claim that discovery might yield

15 facts sufficient to establish a prima facie case of personal jurisdiction; accordingly,

16 jurisdictional discovery should be permitted.

17 **D.  Defendant's request for transfer venue under 28 U.S.C. §1400(b) should be**

18 **denied outright.**

19     Defendant's citation to 28 U.S.C. §1400(b) in support of its request to have

20 this action transferred to the Eastern District of Louisiana is misguided.  By its very

21 terms, this section applies to "[a]ny civil action for patent infringement" – not

22 applicable here.  In contrast, YSN brings this lawsuit for declaratory judgment.

23     An action seeking a declaration of non-infringement or invalidity is not an

24 action for patent infringement because it does not allege or seek redress for patent

25 infringement. Thus, patent declaratory judgment actions are still governed by the

26 general venue statute, 28 U.S.C. § 1391, with venue appropriate wherever a

27 corporate defendant is subject to personal jurisdiction.  *See VE Holding Corp. v.*

28 *Johnson Gas Appliance Co.*, 917 F. 2d 1574, 1583 (Fed. Cir. 1990), *abrogated on*

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1  *other grounds by TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct.

2  1514, 197 L. Ed. 2d 816 (2017) (noting that it "has long been held that" patent

3  declaratory judgment actions are governed by §1391, not § 1400(b) and citing *U.S.*

4  *Aluminum Corp. v. Kawneer Co.*, 694 F.2d 193, 195 (9th Cir. 1982)).  *See , also*,

5  14D CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL

6  PRACTICE AND PROCEDURE § 3823 (4th ed. 2017).

7  Having cited to *VE Holding Corp. v. Johnson Gas Appliance Co.*, Defendant

8  appears to have been well aware of this case, which brings into question as to why it

9  miss-cited it.  (*See*, Motion to Dismiss, page 15, lines 1-8).

10  Regardless, because 28 U.S.C. §1400(b) does not apply to this declaratory

11  judgment action, Defendant's request to transfer this action on the basis of this

12  statute should be dismissed out of hand.

13  In the context of its discussion of 28 U.S.C. §1400(b) – a statute inapplicable

14  to the case at hand – Defendant, without explanation, goes on to cite 28 U.S.C.

15  §1631 in support of its request to transfer this action to the Eastern District of

16  Louisiana.  That statute by its own terms only applies to instances where the "court

17  finds that there is a want of jurisdiction." 28 U.S.C. §1631 ("Whenever a civil action

18  is filed in a court as defined in section 610 of this title or an appeal, including a

19  petition for review of administrative action, is noticed for or filed with such a court

20  and that court finds that there is a want of jurisdiction, the court shall, if it is in the

21  interest of justice, transfer such action or appeal to any other such court (or, for

22  cases within the jurisdiction of the United States Tax Court, to that court) in which

23  the action or appeal could have been brought at the time it was filed or noticed, and

24  the action or appeal shall proceed as if it had been filed in or noticed for the court to

25  which it is transferred on the date upon which it was actually filed in or noticed for

26  the court from which it is transferred.)

27  This statute, however, has no relation to 28 U.S.C. §1400(b).  Regardless,

28  because this Court has personal jurisdiction over Defendant, 28 U.S.C. §1631 has no

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1   applicability to the case at hand.  Furthermore, even putting aside the fact that 28

2   U.S.C. §1631 does not apply to the facts of this case, Defendant has completely

3   failed to provide any evidence to support its allegations that "the interests of justice

4   and convenience of the parties and witnesses weigh in favor of a transfer of venue."

5   Rather, Defendant expects this Court to accept those bald allegations made by

6   counsel – unsupported by any evidence.  In any event, being that all of YSN's party

7   witnesses reside in California and all the third party witnesses of whom YSN is

8   aware reside outside of the Eastern District of Louisiana, "the interests of justice" do

9   not favor transfer of this case.  (Newman declaration.)

10          Finally, the facts of this case belie Defendant's allegations of YSN "forum

11  shopping."  This dispute has been ongoing for over seven months before YSN filed

12  this declaratory judgment action and after it became clear that Defendant intended to

13  threaten and harass YSN and its customers in connection with the patent-in-suit no

14  matter what design YSN adopted for its firestarter product.  YSN has gone beyond

15  what was required in trying to abate this dispute, but Defendant appears to be more

16  interested in stifling competition than asserting legitimate rights – leaving YSN with

17  no other reasonable choice than to proceed with this declaratory judgment action.  The

18  fact that YSN brought this action in the state in which it resides – after making every

19  attempt to avoid conflict – could not reasonably be characterized as forum shopping.

20  **IV.    CONCLUSION**

21          For the foregoing reasons, YSN respectfully requests that Defendant's YSN

22  Motion to Dismiss be denied in its entirety.  In the alternative, Kellytoy requests an

23  opportunity to undertake limited jurisdictional discovery before the Court rules on

24  the Motion to Dismiss.

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FREEMAN, FREEMAN & SMILEY, LLP
1888 CENTURY PARK EAST, SUITE 1500
LOS ANGELES, CALIFORNIA 90067
(310) 255-6100

DATED: January 17, 2020          FREEMAN, FREEMAN & SMILEY, LLP

By: _____/ s / Mark B. Mizrahi_____
          TODD M. LANDER
          MARK B. MIZRAHI
          Attorneys for Plaintiff,
          YSN IMPORTS, INC.