MARK A. GOLDSTEIN (BAR NO. 179384)
mgoldstein@socalip.com
SOCAL IP LAW GROUP LLP
310 North Westlake Boulevard, Suite 120
Westlake Village, CA 91362
Telephone: (805) 230-1350 ext. 240
Facsimile: (805) 230-1355

TAYLOR M. NORTON
THOMAS E. LEMLER
NORTON IP LAW FIRM LLC
345 Metairie Road
Metairie, LA 70005
Telephone: (504) 291-2111
Facsimile: (504) 533-0093

Attorney for Defendant
MATHEWS OUTDOOR PRODUCTS LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YSN IMPORTS, INC.,<br>Plaintiff,<br>v.<br>MATHEWS OUTDOOR PRODUCTS, LLC,<br>Defendant. | No.: 2:19-cv-08073-PSG-KS<br>Mathews Outdoor Products, LLC's Answers, Affirmative Defenses, and Counterclaims<br><br>Judge Gutierrez |

Mathews Outdoor Products, LLC ("Mathews" or "Defendant") submits this answer, affirmative defenses and counterclaims to plaintiff's complaint.

## <u>JURISDICTION AND VENUE</u>

1. The allegations contained in paragraph 1 of the Complaint are admitted in part and denied in part. Defendant denies that is it subject to personal jurisdiction and subject matter jurisdiction is proper. Defendant denies that it regularly and continuously conducts business in or has maintained continuous and substantial contacts with

the State of California. Defendant denies that Defendant distributes goods covered by the patent-in-suit throughout the state of California and this District. Defendant admitted that it sent cease and desist letters to Plaintiff.

2. The allegations contained in paragraph 2 of the Complaint are denied, specifically denied that venue lies in this district pursuant to 28 U.S. C. § 1400(b) and 1391, as 28 U.S. C. § 1400(b) specifically states "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides […]".

3. The allegations contained in paragraph 3 of the Complaint are admitted in part and denied in part. Defendant admits that Plaintiffs are seeking such relief, but it denies that they are entitled to such relief.

## THE PARTIES

4. The allegations contained in paragraph 4 are admitted to the extent that Plaintiff is a corporation organized and existing under the laws of the State of Nevada.

5. The allegations contained in paragraph 5 are admitted.

6. Defendants are without knowledge of the truth or falsity of the allegations in paragraph 6, and therefore deny the same.

7. The allegations contained in paragraph 7 are admitted.

8. The allegations contained in paragraph 8 are admitted.

## FIRST CLAIM FOR RELIEF

9. Defendants incorporate the allegations of the previous paragraphs above as though fully set forth herein.

10. Defendants are without knowledge of the truth or falsity of the allegations in paragraph 10, and therefore deny the same.

11. The allegations contained in paragraph 11 are admitted to the extent that Defendant had received the letter (Exhibit 2 to the Complaint). The rest of the allegations in paragraph 11 are denied.

12. The allegations contained in paragraph 12 are admitted to the extent that Defendant has sent YSN cease and desist letters, the rest of the allegations of in paragraph 12 are denied.

13. The allegations contained in paragraph 13 are admitted in part and denied in part. Admitted that Defendant asserts that its ‘763 patent is not invalid and will be enforced. Defendants are without knowledge of the truth or falsity of the remaining allegations in paragraph 13, and therefore deny the same.

14. The allegations contained in paragraph 14 are denied as written as they contain or call for a legal conclusion based upon a substantive issue of law and/or fact.

15. The allegations contained in paragraph 15 are denied as written as they contain or call for a legal conclusion based upon a substantive issue of law or fact.

## SECOND CLAIM FOR RELIEF

16. Defendants incorporate the allegations of the previous paragraphs above as though fully set forth herein.

17. The allegations contained in paragraph 17 are denied as written as they contain or call for a legal conclusion based upon a substantive issue of law and/or fact.

18. The allegations contained in paragraph 18 are denied as written as they contain or call for a legal conclusion based upon a substantive issue of law and/or fact.

19. Defendant denies that Plaintiff is entitled to the relief sought in the paragraph beginning with “WHEREFORE” and immediately follow paragraph 18 of the Complaint.

Any allegation not specifically admitted is hereby denied.

## AFFIRMATIVE DEFENSES

20. The Complaint fails to state a claim against Mathews upon which relief can be granted.

21. The Court lacks subject matter jurisdiction.

22. Defendant is not subject to personal jurisdiction or venue in this Court.

23. Mathews reserves the right to amend its answer to raise any additional affirmative defenses consistent with the facts discovered in this case.

## COUNTERCLAIMS

For their counterclaims against Plaintiff/Counterclaim Defendants YSN Imports, Inc. ("YSN" or "Counterclaim Defendant"), Defendants/Counterclaim Plaintiff Mathews Outdoor Products, LLC ("Mathews" or "Counterclaim Plaintiffs") state and allege as follows:

24. Mathews Outdoor Products, LLC is a Louisiana limited liability company with a principal place of business at 301 Lancaster Drive, Houma, Louisiana 70360.

25. YSN IMPORTS, INC., doing business as Flame King, is a corporation organized and existing under the laws of the State of Nevada, having a principal place of business at 14111 South Kingsley Drive, Gardena, California 90249. YSN has conducted business within this district by, inter alia, making, using, advertising for sale, and selling grill and barbecue related goods.

26. This is a counterclaim for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 101 et seq. This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338.

27. Venue in this District is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b) because YSN IMPORTS, INC. resides in this District and has committed infringing acts in this District and on information and belief continues to commit infringing acts in this District.

### COUNT I – INFRINGEMENT OF U.S. DESIGN PATENT NO. D851,763 S

28. Mathews incorporates the allegations of the previous paragraphs of this Counterclaim as though set forth fully herein.

29. On June 3, 2019 Tyson David Mathews duly and legally assigned all right and title in United States Patent No. D851,763 S ("'763 Patent") entitled "FIRE STARTER LANCE", including the right to sue for infringement of the '763 Patent to Mathews Outdoor Products, LLC. Pursuant to such assignment Mathews Outdoor Products, LLC owns and has at all relevant times owned all right and title in the '763 Patent, including the right to sue for infringement of the '763 Patent.

30. On June 18, 2019, the '763 Patent entitled "FIRE STARTER LANCE" was duly and legally issued to inventor Tyson David Mathews.

31. Mathews had an exhibitor booth at the National Hardware Show in Las Vegas, Nevada, where Mathews showcased its product that is covered by the '763 Patent. YSN also had an exhibitor booth at the National Hardware Show in Las Vegas, Nevada, where Mathews was showcasing its product that is covered by the '763 Patent.

32. YSN obtained one of Mathews products that is covered by the '763 Patent while at the National Hardware Show in Las Vegas, Nevada.

33. Upon information and belief, YSN sent that product to a manufacturer in order to replicate the design of that product, which is covered by the '763 Patent.

34. YSN has sold numerous such replicated products bearing a design that is covered by the '763 Patent.

35. YSN has been and is currently infringing the claim of the '763 Patent in violation of one or more provisions of 35 U.S.C. § 271 by making, using, selling, offering for sale, and/or inducing others to infringe the '763 Patent or contributing to the infringement of the '763 Patent.

36. YSN has manufactured, used, sold, or offered for sale one or more propane firestarters that infringe the '763 Patent.

37. YSN has manufactured, used, sold, or offered for sale its "YSNFS-01 Propane Starter which infringes the '763 Patent.

38. YSN has derived and received financial and other gains, profits, and advantages through infringement of the '763 Patent, and will continue to derive and receive such gains, profits, and advantages unless and until enjoined from further infringement by the Court.

39. Mathews has suffered monetary damages by YSN infringement of the '763 Patent in an amount to be proven at trial. Mathews has suffered irreparable harm due to YSN's infringement of the '763 Patent and will continue to suffer such harm unless and until YSN is enjoined from further infringement by the Court.

40. YSN has actual knowledge that Mathews' design of a fire lance starter product design was patent pending when YSN obtained a product from Mathews bearing the design covered by the '763 Patent while at the National Hardware Show in Las Vegas, Nevada.

41. YSN has actual knowledge that Mathews' design of a fire lance starter product design was patent pending when YSN sent the design and/or the product bearing the design covered by the '763 Patent to a manufacturer in order to replicate the product with the same design covered by the '763 Patent.

42. YSN has actual knowledge that Mathews' design of a fire lance starter product design was patented when YSN sent the design and/or the product bearing the design covered by the '763 Patent to a manufacturer in order to replicate the product with the same design covered by the '763 Patent.

43. Mathews sent cease and desist correspondence to YSN regarding Mathews' patented design covered by the '763 Patent.

44. YSN sold products bearing the design covered by the '763 Product after receiving cease and desist letters from Mathews.

45. YSN has previously had actual knowledge of the '763 Patent, and YSN's infringement of the '763 Patent has been and continues to be willful and deliberate.

## PRAYER FOR RELIEF

WHEREFORE, Mathews prays for the following relief:

A. A judgement that YSN has infringed, induced the infringement, and/or contributed to the infringement of U.S. Patent No. D851,763 S.

B. A permanent injunction enjoining YSN, its officers, directors, agents, employees, servants, and all other persons or entities acting under or through it, directly or indirectly on its behalf, from infringing, inducing the infringement, or contributing to the infringement of U.S. Patent No. D851,763 S.

C. A judgement and order requiring YSN to pay damages for patent infringement under 35 U.S.C. § 284, including enhanced damages for willful infringement, and per- and post-judgement interest as appropriate.

D. A judgement and order requiring YSN to pay the costs of this action and all attorney fees under 35 U.S.C. § 285 or other applicable law, if supported by the facts.

E. A judgement and order finding that YSN shall take nothing by its Declaratory Judgement Complaint and upholding the validity and enforceability of U.S. Patent No. D851,763 S.

F. Such other and further relief as the Court may find just and equitable.

February 19, 2020

*/ s / Mark A. Goldstein*
Mark A. Goldstein

Taylor M. Norton

Attorneys for Defendant Mathews Outdoor Products LLC