Mark A. Goldstein No. 179384
mgoldstein@socalip.com
Michael D. Harris, No. 59470
SoCal IP Law Group LLP
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362
Phone: (805) 230-1350 • Fax: (805) 230-1355

Taylor M. Norton
Thomas E. Lemler
Norton IP Law Firm LLC
345 Metairie Road
Metairie, LA 70005
Phone: (504) 291-2111 • Fax: (504) 533-0093

Attorney for Defendant Mathews Outdoor Products LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YSN Imports, Inc.,<br>Plaintiff,<br>v.<br>Mathews Outdoor Products, LLC,<br>Defendant. | No.: 2:19-cv-08073-PSG-KS<br>Mathews Outdoor Products, LLC's First Amended Counterclaim<br>Judge Gutierrez |
| And Related Counterclaim | |

For their counterclaim against Plaintiff/Counterclaim Defendants YSN Imports, Inc. (YSN) or "Counterclaim Defendant"), Defendant/Counterclaim Plaintiff Mathews Outdoor Products, LLC (Mathews) alleges:

1. Mathews is a Louisiana limited liability company with a principal place of business at 301 Lancaster Drive, Houma, Louisiana 70360.

2. YSN, doing business as Flame King, is a Nevada corporation having a principal place of business at 14111 South Kingsley Drive, Gardena, California 90249. YSN has conducted business within this district by making, using, advertising for sale, and selling grill and barbecue related goods.

3. This is a counterclaim for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction over this counterclaim under 28 U.S.C. §§ 1331 and 1338.

4. The Court also has subject matter jurisdiction of the counterclaim under FED. R. CIV. P. 13(a)(1)(A) because it is a compulsory counterclaim arising out of the transaction or occurrence that is the subject matter of YSN's claim.

5. Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400(b) because YSN resides in this District and has committed infringing acts in this District and on information and belief continues to commit infringing acts in this District. Venue also is proper because YSN waived improper venue by suing Mathews in the Court.

**First Counterclaim**

**Infringement of United States Design Patent No. D851,763**

6. On June 18, 2019, United States Patent No. D851,763 ('763 Patent) entitled "Fire Starter Lance" was duly and legally issued to inventor Tyson David Mathews.

7. Exhibit 1 is a copy of the '763 Patent

8. On June 3, 2019, Tyson David Mathews duly and legally assigned to Mathews all right and title in the '763 Patent including the right to sue for infringement of the '763 Patent. Mathews owns and has at all relevant times owned all right and title in the '763 Patent, including the right to sue for infringement of the '763 Patent.

9. Mathews had an exhibitor booth at the National Hardware Show in Las Vegas, Nevada, where Mathews showcased its product covered by the '763 Patent. YSN also had an exhibitor booth at the same hardware show.

10. While it was exhibiting at the National Hardware Show in Las Vegas, YSN obtained one of Mathews products covered by the '763 Patent.

11. Upon information and belief, YSN sent that product to a manufacturer to replicate the design of that product.

12. YSN has sold numerous such replicated products bearing a design covered by the ‘763 Patent. The following image is from an Amazon.com web page showing YSN’s accused product.




13. An ordinary observer giving such attention as a purchaser usually gives would have been deceived into believing that YSN’s accused produc is the same as that shown in the ‘763 Patent. The resemblance between the accused device and the patented device is such as to deceive such an observer, inducing him to purchase one supposing it to be the other.

14. YSN has been and is currently infringing the claim of the ‘763 Patent in violation of one or more provisions of 35 U.S.C. § 271 by making, using, selling, offering for sale, and/or inducing others to infringe the ‘763 Patent.

15. YSN has manufactured, used, sold, or offered for sale at least its “YSNFS-01 Propane Starter which infringes the ‘763 Patent.

16. YSN has derived and received financial and other gains, profits, and advantages through infringement of the '763 Patent, and will continue to derive and receive such gains, profits, and advantages unless and until enjoined from further infringement by the Court.

17. Mathews has suffered monetary damages by YSN infringement of the '763 Patent in an amount to be proven at trial.

18. Mathews has suffered irreparable harm due to YSN's infringement of the '763 Patent and will continue to suffer such harm unless and until YSN is enjoined from further infringement by the Court.

19. YSN actually knew that Mathews' design of a fire lance starter product design was patent pending when YSN obtained a product from Mathews bearing the design covered by the '763 Patent while at the National Hardware Show in Las Vegas, Nevada.

20. YSN actually knew that Mathews' design of a fire lance starter product design was patent pending when YSN sent the design and/or the product bearing the design covered by the '763 Patent to a manufacturer in order to replicate the product with the same design covered by the '763 Patent.

21. YSN actually knew that Mathews' design of a fire lance starter product design was patented when YSN sent the design or the product bearing the design covered by the '763 Patent to a manufacturer in order to replicate the product with the same design covered by the '763 Patent.

22. Mathews put YSN on notice of the '763 Patent in writing that YSN was infringing Mathews' patented design covered by the '763 Patent.

23. YSN sold products bearing the design covered by the '763 Product after receiving cease and desist letters from Mathews.

24. YSN actually has known of the '763 Patent but continued to sell infringing products. YSN's infringement of the '763 Patent, therefore, has been and continues to be willful and deliberate.

## PRAYER FOR RELIEF

WHEREFORE, Mathews prays for the following relief:

25. A judgement that YSN has infringed, induced the infringement, and/or contributed to the infringement of U.S. Patent No. D851,763 S.

26. A permanent injunction enjoining YSN, its officers, directors, agents, employees, servants, and all other persons or entities acting under or through it, directly or indirectly on its behalf, from infringing, inducing the infringement, or contributing to the infringement of U.S. Patent No. D851,763 S.

27. A judgement and order requiring YSN to pay damages for patent infringement under 35 U.S.C. § 284, including enhanced damages for willful infringement, and pre- and post-judgement interest.

28. A judgement and order requiring YSN to pay Mathews YSN's profits for patent infringement.

29. A judgement and order requiring YSN to pay the costs and all attorney fees under 35 U.S.C. § 285 or other applicable law.

30. A judgement and order finding that YSN shall take nothing by its Declaratory Judgement Complaint and upholding the validity and enforceability of U.S. Patent No. D851,763 S.

31. Such other and further relief as the Court may find just and equitable.

February 19, 2020

*/s/ Michael Harris*
Michael Harris

Attorneys for Defendant Mathews Outdoor Products LLC